## ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY v. SOWERS.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE FOURTH SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 64.   Argued January 8, 1909.—Decided March 1, 1909.

Where the opinion of the state court shows that it considered and denied the validity of a statute of another State, and its binding force to control the right of action asserted, a Federal right specially set up is denied, and this court has jurisdiction to review the judgment under § 709, Rev. Stat.

Congress has only reserved a revisory power over territorial legislation, and a statute duly enacted, and within the legislative power of the Territory, remains in full force until Congress annuls it by exerting such power. *Miner's Bank* v. *Iowa*, 12 Howard, 1, 8.

Under the provisions of the Constitution which declare the supremacy of the National Government, Congress has power to enact, as it has done by §§ 905, 906, Rev. Stat., that the same faith and credit be given in the courts of the States and Territories to public acts, records, and judicial proceedings of the Territories as are given to those of the States under Art. IV, § 1, of the Constitution. *Embry* v. *Palmer*, 107 U. S. 3.

The passage of a legislative act of a Territory is the exercise of authority under the United States. *McLean* v. *Railroad Co.*, 203 U. S. 38, 47.

Where Congress confers on a Territory legislative power extending to all rightful subjects of legislation the Territory has authority to legislate concerning personal injuries and rights of action relating thereto; and so held in regard to the legislative power of New Mexico under act of Sept. 9, 1850, c. 49, 9 Stat. 446.

Actions for personal injuries are transitory and maintainable wherever a court may be found that has jurisdiction of the parties and the sub-

ject-matter, *Dennick* v. *Railroad Co.*, 103 U. S. 11, and although in such an action the law of the place governs in enforcing the right, the action may be sustained in another jurisdiction when not inconsistent with any local policy. *Stewart* v. *Baltimore & Ohio R. R.* 168 U. S. 445.

No State or Territory can pass laws having force or effect over persons or property beyond its jurisdiction.

A court that only permits a recovery on a cause of action on plaintiff's showing compliance with the conditions imposed by a statute of the Territory in which the cause arose has given to that statute the observance required under § 906, Rev. Stat., and if the action is one otherwise controlled by common-law principles its jurisdiction is not defeated because such statute requires actions of that nature to be brought in the courts of the Territory.

An action for personal injuries sustained in New Mexico may be maintained in the courts of Texas subject to the conditions imposed by the territorial act of New Mexico of March 11, 1903, notwithstanding that act required actions of that nature to be brought in the District Court of the Territory.

99 S. W. Rep. 190, affirmed.

THE facts are stated in the opinion.

*Mr. Andrew H. Culwell*, with whom *Mr. J. W. Terry, Mr. Gardiner Lathrop* and *Mr. Aldis B. Browne* were on the brief, for plaintiff in error:

The statute of the Territory of New Mexico herein interposed was a valid and subsisting law at the time of the occurrences stated, and, as such, was entitled to respect and consideration in the courts of a sister jurisdiction, and the failure to so respect said statute was a violation of Art. IV, § 1, of the Constitution of the United States.

In the absence of disapproval by the Congress it must be assumed that the act in question is a valid and binding act, see *Coulter* v. *Stafford*, 56 Fed. Rep. 564; *Hornbuckle* v. *Toombs*, 18 Wall. 655; *Miners' Bank* v. *State of Iowa*, 12 How. 6, and being valid, it should have been applied in this case. Each State has the unquestioned right to regulate the relations between employers and employés and to fix by legislative enactment the liabilities of the former for the negligence of the latter. *South.*

*Pac. Co.* v. *Schoer,* 114 Fed. Rep. 470; *Buttron* v. *E. P. & N. E. Ry. Co.,* 15 Texas Court Reporter, 339.

While actions for personal injuries may be transitory, wherever determined they shall be tried according to the laws of the country wherein the act was committed; provided such laws are properly called to the attention of the court trying the case. Defendant in error had no right of action created by the laws of Texas. He secured no greater right by coming to Texas to litigate than he would have secured had he remained in New Mexico, and it was the duty of the courts of Texas to apply the laws of the Territory of New Mexico, together with all the restrictions imposed. *Swisher* v. *A., T. & S. F. Ry. Co.,* 90 Pac. Rep. 812; *Poff* v. *New England Telephone & Telegraph Co.,* 55 Atl. Rep. 891; *Dennis* v. *Atlantic Coast Line R. R.,* 49 S. E. Rep. 869; *Rodman* v. *Mo. Pac. Ry. Co.,* 70 Pac. Rep. 642; "*The Harrisburg,*" 119 U. S. 199; *Coyne* v. *So. Pac. Co.,* 155 Fed. Rep. 683; *Davis* v. *N. Y. & N. E. R. R. Co.,* 143 Massachusetts, 301; *LeForest* v. *Tolman,* 117 Massachusetts, 109; *Commonwealth* v. *Metropolitan R. R.,* 107 Massachusetts, 236; *Nonce* v. *R. & D. R. R. Co.,* 33 Fed. Rep. 435; *Pendleton* v. *Hannibal & St. Jo. R. R. Co.,* 18 Pac. Rep. 57; *Burns* v. *Grand Rapids Ry. Co.,* 15 N. E. Rep. 230; *Slater* v. *Mexican Nat. R. R. Co.,* 194 U. S. 120.

The provision in the Constitution making it the duty of courts in one State to give full faith and credit to the decrees and legislative acts of other States is mandatory. *Martin* v. *Pittsburg & Lake Erie R. R.,* 203 U. S. 284; *Hancock National Bank* v. *Farnum,* 176 U. S. 640; *Great Western Tel. Co.* v. *Purdy,* 162 U. S. 329; *Banholzer* v. *New York Life Ins. Co.,* 178 U. S. 402; *Cole* v. *Cunningham,* 133 U. S. 107; *Huntington* v. *Attrill,* 146 U. S. 657.

The Territories are included in this constitutional provision. *Mockey* v. *Coxe,* 18 How. 100; *Mehlin* v. *Ice,* 56 Fed. Rep. 12; *Quesenbach* v. *Wagner,* 41 Minnesota, 108.

On the general question of full faith and credit, see *Penn. R. R. Co.* v. *Hughes,* 191 U. S. 477; *Baltimore & Potomac R. R.* v. *Hopkins,* 130 U. S. 210.

*Mr. Harry Peyton*, with whom *Mr. William H. Robeson* and *Mr. George E. Wallace* were on the brief, for defendant in error:

This being a transitory cause of action, and defendant in error having complied fully with the laws of New Mexico by giving the statutory notice, the courts of the State of Texas had the right to determine its own jurisdiction and that right is not subject to revision by this court. *A., T. & S. F. Ry. Co.* v. *Sowers*, 99 S. W. Rep. 192; *Chambers* v. *B. & O. R. R. Co.*, 207 U. S. 142; *St. Louis, I. M. & S. R. Co.* v. *Taylor*, 210 U. S. 281.

The act of the Territory of New Mexico in question, having been submitted to the Congress of the United States and by it disapproved, said act is now and has been since its passage, void and of no force and effect. Compiled Laws of 1897, pp. 43–48; 35 Stat. L., Part 1, p. 573.

That portion of the territorial law, which attempts to make it unlawful to institute or maintain a transitory cause of action outside of the Territory of New Mexico, is unconstitutional and in violation of § 2, Art. IV, of the United States Constitution, as it deprives plaintiff, and all other persons affected by said act, of privileges and immunities guaranteed by the Constitution of the United States and the law of the land. *Cole* v. *Cunningham*, 133 U. S. 107; *Willis* v. *Mo. Pac.*, 61 Texas, 432; *Blake* v. *Mc-Clung*, 172 U. S. 239, 256; *Chambers* v. *B. & O. Ry. Co.*, 207 U. S. 142.

That portion of the New Mexico statute which requires suits to be brought in the District Court of the Territory, to the exclusion of the Federal courts, and also to the exclusion of the minor courts, discriminates not only against the courts of other States and Territories, but against the Federal courts themselves, and it is therefore unconstitutional and void. *The Coyne Case*, 155 Fed. Rep. 684; *Ry. Co.* v. *Gutierre*, 111 S. W. Rep. 159.

MR. JUSTICE DAY delivered the opinion of the court.

This is a writ of error to the Court of Civil Appeals for the

Fourth Supreme Judicial District of the State of Texas. The defendant in error, George A. Sowers, a citizen of Arizona, recovered judgment in the District Court of El Paso County, Texas, in the sum of $5,000, for personal injuries alleged to have been sustained by him while employed in the service of the plaintiff in error as a brakeman in the Territory of New Mexico. The judgment was affirmed by the Court of Civil Appeals. 99 S. W. Rep. 190. Subsequently leave to file a petition in error was denied by the Supreme Court of Texas, and the case was brought here by writ of error to the Court of Civil Appeals.

The defendant in error recovered because of injuries received while riding on the pilot of an engine at Gallup, New Mexico. His injuries are alleged to have been occasioned by the negligence of the railroad company in permitting its track to become soft and out of repair, permitting low joints therein, by reason of which the engine's pilot struck a frog and guard rail, and the plaintiff was injured.

We are not concerned with the questions of general law in actions of negligence which were involved in the case. The Federal question which invites our attention concerns an act of the legislature of New Mexico, passed March 11, 1903 (chapter 33, page 51, Acts of 35th Legislative Assembly of New Mexico). We give this act in full in the margin. [1]

[1] Whereas, it has become customary for persons claiming damages for personal injuries received in this Territory to institute and maintain suits for the recovery thereof in other States and Territories to the increased cost and annoyance and manifest injury and oppression of the business interests of this Territory and the derogation of the dignity of the courts thereof.

Therefore, be it enacted by the Legislative Assembly of the Territory of New Mexico:

SECTION 1. Hereafter there shall be no civil liability under either the common law or any statute of this Territory on the part of any person or corporation for any personal injuries inflicted or death caused by such person or corporation in this Territory, unless the person claiming damages therefor shall within ninety days after such injuries shall have been inflicted make and serve upon the person or corporation against whom the same is claimed, and at least thirty days before commencing

It is contended by the plaintiff in error that its effect is to pre-
scribe causes of action for personal injuries, enforceable only in

suit to recover judgment therefor, an affidavit which shall be made be-
fore some officer within this Territory who is authorized to administer
oaths, in which the affiant shall state his name and address, the name of
the person receiving such injuries, if such person be other than the
affiant, the character and extent of such injuries in so far as the same
may be known to affiant, the way or manner in which such injuries were
caused in so far as the affiant has any knowledge thereof, and the names
and addresses of all witnesses to the happening of the facts or any part
thereof causing such injuries as may at such time be known to affiant,
and unless the person so claiming such damages shall also commence an
action to recover the same within one year after such injuries occur,
in the District Court of this Territory in and for the county of this Terri-
tory where the claimant or person against whom such claim is asserted
resides, or, in event such claim is asserted against a corporation, in the
county in this Territory where such corporation has its principal place
of business, and said suit after having been commenced shall not be
dismissed by plaintiff unless by written consent of the defendant filed
in the case, or for good cause shown to the court; it being hereby ex-
pressly provided and understood that such right of action is given only
on the understanding that the foregoing conditions precedent are made
a part of the law under which right to recover can exist for such injuries,
except as herein otherwise provided.

SEC. 2. Whenever any person or corporation shall file a petition in
the District Court of this Territory for the county in which said peti-
tioner lives, or, if a corporation, in the District Court for the county in
which such corporation has its principal place of business, stating in
effect that such petitioner is informed and believes that some party
named in such petition claims that he is entitled to damages from said
petitioner for personal injuries, inflicted in this Territory upon the party
named in said petition or for personal injuries inflicted upon or death
caused to some other person for which such party claims to have a
cause of action against said petitioner, and stating as near as may be
the general character of such injuries and the manner and date said
party claims they were inflicted and the place where he claims they
were inflicted as near as petitioner knows or is informed as to such facts,
and praying that the said party may be required to appear in said court
and file therein a statement of his cause of action in the form of a com-
plaint against said petitioner, summons shall issue out of said court and
be served and returnable as other process, commanding and requiring

the District Court of the Territory of New Mexico, and not else-
where, and that the court of Texas, in maintaining jurisdiction of

the said party named in said petition to appear in said court and file
such statement in the form of a complaint against said petitioner, if
he has to make, and upon such complaint being filed by such party as
required, the defendant named therein may demur to or answer the
same and such further pleading had as the parties may be entitled to
or as may be meet and proper as in other cases of a similar character,
and from thenceforward such further proceedings shall be had in such
causes as in other cases and the same shall be determined upon its
merits and final judgment subject, however, to appeal or writ of error,
shall be rendered therein either for the petitioner named in said com-
plaint, or for the adverse party, and if the court finds the petitioner
guilty of any of the wrongs, injuries or trespasses complained of against
him in said statement, such damages shall be assessed against the said
petitioner as the law and the facts may require, in the same manner as
though said cause had been instituted by the filing of said statement
as a complaint.

In event said party complained of in said petition, after being duly
served with such summons, shall fail or refuse to appear or file his said
statement as required herein, judgment shall be rendered by default
against him in favor of the petitioner, as in other cases, and thereupon
the court shall try and determine the issues raised by such petition, in-
cluding the question as to whether or not the petitioner is liable to said
party on account of any of the matters or things stated in said petition
in any sum of money whatsoever, and if so, in what amount, and final
judgment shall be rendered in accordance with the facts and the law,
and such judgment as the court may render shall be final and conclusive
upon the question of the liability or non-liability of said petitioner to
said party, and of the amount of the liability.

SEC. 3. It shall be unlawful for any person to institute, carry on or
maintain any suit for the recovery of any such damages in any other
State or Territory, and upon its being made to appear to the court in
which any proceeding has been instituted in this Territory, as herein
provided, that any such suit has also been commenced, or is being
maintained in any other State or Territory, contrary to the intent of
this act, it shall be the duty of the court to set down for hearing and try
and determine the proceeding so pending in this Territory as expe-
ditiously as possible, upon such short notice to the other party thereto
or his attorneys as the court may direct; and for the purpose of trying
the same said court shall have the power to compel the parties thereto

the case, and refusing to enforce the territorial statute, denied a Federal right guaranteed by the Constitution and statutes of the United States, requiring such faith and credit to be given in every court within the United States to the public acts, records and judicial proceedings of every other State or Territory as they have, by law, in the courts of the State or Territory from which they are taken.

It is contended that there is no jurisdiction in this court to entertain this writ of error. But we are of opinion that there is jurisdiction. The Revised Statutes of the United States, § 709, authorize this court to review final judgments in the highest court of the State in which a decision in the suit could be had, where any title, right, privilege or immunity under the Federal Constitution or under any statute of or authority exercised under the United States is specially claimed and denied.

The territorial law was specially set up in the case, and was offered in evidence at the trial, and it was held by the Texas court that it was not required to give force and effect to the territorial statute under the Constitution and laws of the United States.

The opinion of the Court of Civil Appeals of Texas shows that

to plead or answer on such short day as it may determine, and in event the same is triable by jury it shall be the duty of the court, upon motion, to change the venue thereof to such county in said district as in the opinion of the court will afford an opportunity, for the most speedy hearing; but in event such action is not triable by jury then the court shall immediately proceed to try and determine the same, giving such reasonable notice as it may determine, to the parties or their attorneys at any place in the Territory which the court may designate, and witnesses may be compelled by subpœna to attend such place personally, from any part of the Territory and testify, as at present, at such time and place. The institution of any such suit in any other State or Territory shall be construed by the court as a waiver upon the part of the party so instituting the same of the right of trial by jury in the case pending in the courts of this Territory.

SEC. 4. Whenever it shall be made to appear to the District Court of this Territory for the county in which petitioner or plaintiff lives, by any petition filed under section 3 hereof, or by a supplemental petition, or by

the validity of this statute and its binding force to control the right of action asserted was considered and denied in giving judgment against the plaintiff in error. Such judgment gives this court jurisdiction of the case. *Hancock National Bank v. Farnum,* 176 U. S. 640; *St. Louis & Iron Mt. Southern R. R. Co. v. Taylor,* 210 U. S. 281, 293; *American Express Co. v. Mullins,* decided February 23, 1909, 212 U. S. 311.

It is contended at the outset that inasmuch as this territorial statute has been annulled by act of Congress (35 Stat. Part One, 573), that the act is void from the beginning. The organic act establishing the Territory of New Mexico provides (Compiled Laws of New Mexico, 1897, § 7, p. 43, 9 U. S. Stat. 449):

"That all laws passed by the legislative assembly and governor shall be submitted to the Congress of the United States, and if disapproved, shall be null and of no effect."

But we are not prepared to hold that the territorial law thus

---

any original complaint filed for that purpose, that petitioner or plaintiff fears or has good reason to fear that any other person is threatening or contemplating instituting suit in some other State or Territory to recover damages against petitioner or plaintiff for personal injuries inflicted or death caused in this Territory, or that he has already instituted and is then maintaining such a suit, it shall be the duty of the court upon such bond as the court may require being given, to issue its injunction, *pendente lite,* restraining such suit in any court sitting in any other State or Territory, and at the final hearing, if such facts are found by the court to be true, the court shall make such injunction perpetual; and at the final hearing in all cases instituted under the provisions of section 3 hereof, the party complained of in the petition shall be perpetually enjoined from further instituting or maintaining any suit or action to recover damages by reason of any of the matters or things set up in said petition.

Sec. 5. This act shall not apply to cases in which the person or corporation against whom damages for personal injuries are claimed cannot be duly served with process in this Territory.

Sec. 6. Nothing herein contained shall be construed as in any way preventing any one in this Territory claiming to have a right of action for any such damages from compromising such claim.

Sec. 7. All acts and parts of acts and laws in conflict with this act are hereby repealed, and this act shall be in effect from and after its passage.

annulled under the power of Congress becomes void from the beginning. Conceding to the fullest extent the powers of Congress over territorial legislation we think such laws, duly enacted and within the legislative power of the Territory, are in force until Congress has exerted its authority to annul them. If this be not so, rights acquired on the faith of territorial laws, passed within the scope of the legislative power of the Territory, may be stricken down by the retroactive effect of an act of Congress annuling such legislation. All right to legislate would be at a standstill until that body should act. Congress might not be in session or its action delayed, rendering the Territory powerless even in cases of emergency to pass necessary laws. We think Congress has only reserved a revisory power over territorial legislation. *Miners' Bank* v. *Iowa*, 12 How. 1, 8.

To make effectual the full faith and credit clause of the Constitution (Art. IV, § 1), Congress passed the act of May 26, 1790, 1 Stat. 122, c. 11. This act made provision for the authentication of the records, judicial proceedings and acts of the legislatures of the several States, and provided that the same should have such faith and credit given them in every State within the United States as they have by law or usage in the courts of the State from which the records are or shall be taken. This act did not include the Territories.

On March 27, 1804, Congress passed an act extending the provisions of the former statute to the public acts, records, judicial proceedings, etc., of the Territories of the United States and countries subject to the jurisdiction thereof. 2 Stat. 298, c. 56. Those statutory enactments subsequently became §§ 905 and 906 of the Revised Statutes. Section 905 applies to judicial proceedings, and § 906 to records, etc., kept in offices not pertaining to courts. In the case of *Embry* v. *Palmer*, 107 U. S. 3, it was held that a judgment of the Supreme Court of the District of Columbia, under the legislation of Congress (Rev. Stat., § 905) was conclusive in every State of the Union, except for such causes as would be sufficient to set it aside in the district. The opinion of the court, delivered by Mr. Justice Matthews,

reached this conclusion because of § 905 of the Revised Statutes, above quoted. In considering the constitutional power to pass this act, speaking for the court, the learned justice said (p. 9):

"So far as this statutory provision relates to the effect to be given to the judicial proceedings of the States, it is founded on article IV, § 1, of the Constitution, which, however, does not extend to the other cases covered by the statute. The power to prescribe what effect shall be given to the judicial proceedings of the courts of the United States is conferred by other provisions of the Constitution, such as those which declare the extent of the judicial power of the United States, which authorize all legislation necessary and proper for executing the powers vested by the Constitution in the government of the United States, or in any department or officer thereof, and which declare the supremacy of the authority of the National Government within the limits of the Constitution. As part of its general authority, the power to give effect to the judgments of its courts is coextensive with its territorial jurisdiction. That the Supreme Court of the District of Columbia is a court of the United States, results from the right of exclusive legislation over the district which the Constitution has given to Congress."

This language is equally applicable to legislative acts of the Territory, as the passage of such laws is the exercise of authority under the United States. *New Mexico ex rel. McLean* v. *Railroad Company,* 203 U. S. 38, 47.

Section 906 of the Revised Statutes requires every court within the United States to give the same faith and credit to the acts of the Territory as they have by law or usage in the courts of the Territory from which they are taken. The Federal question then is, Did the court of Texas, in denying any force and validity to the New Mexico statute, violate this requirement of the Federal statute (§ 906) passed under the power conferred upon Congress by the Constitution?

Preliminary to the consideration of the effect of the statute in other jurisdictions, we may notice a question made as to the power of the Territory to pass it.

Sections 7 and 17 of the organic act of the Territory of New Mexico provide (Act of September 9, 1850, c. 49, 9 Stat. 446, 449; Comp. Laws New Mexico, 1897, p. 43):

"SEC. 7. That the legislative power of the Territory shall extend to all rightful subjects of legislation, consistent with the Constitution of the United States and the provisions of this act. . . ."

"SEC. 17. That the Constitution and all laws of the United States, which are not locally inapplicable, shall have the same force and effect within the said Territory of New Mexico as elsewhere within the United States."

It is contended by the defendant in error that the effect of these statutes is to put the common law, regulating the recovery of actions for personal injuries, in force in the Territory, and that there is no authority to pass laws regulating recovery for injuries of the character attempted. But we are of opinion that the legislative power conferred, extending to all rightful subjects of legislation, did give the Territory authority to legislate concerning the subject of personal injuries, and to pass laws respecting rights of action of that character. It is contended for the plaintiff in error that this statute of New Mexico is creative of a new statutory cause of action, taking the place of any common law rights and remedies, and that in such cases it is within the legislative authority to make laws local and exclusive in their character.

In many States it has been held that such causes of action, created by state statute, could not be sued upon in other jurisdictions. This doctrine is, however, contrary to the holding of this court in *Dennick* v. *Railroad Co.*, 103 U. S. 11. Mr. Justice Miller, in delivering the opinion of the court in that case, said, p. 18:

"It would be a very dangerous doctrine to establish that in all cases where the several States have substituted the statute for the common law, the liability can be enforced in no other State but that where the statute was enacted and the transaction occurred."

An action for personal injuries is universally held to be transitory, and maintainable wherever a court may be found that has jurisdiction of the parties and the subject matter. Rorer on Interstate Law, 154, 155; *McKenna* v. *Fiske*, 1 How. 242; *Dennick* v. *Railroad Co.*, 103 U. S. 11, 18.

Undoubtedly, where the cause of action is created by the State, as is the action to recover for death by wrongful injury, there is no objection to the enforcement of the law because it arose in another jurisdiction. *Northern Pacific Railroad Co.* v. *Babcock*, 154 U. S. 190; *Stewart* v. *Baltimore & Ohio Railroad Co.*, 168 U. S. 445, 449. Dealing with this subject in *Mexican National R. R. Co.* v. *Slater*, 194 U. S. 120, 126, this court said:

"As Texas has statutes which give an action for wrongfully causing death, of course there is no general objection of policy to enforcing such a liability there, although it arose in another jurisdiction. *Stewart* v. *Baltimore & Ohio R. R.*, 168 U. S. 445. But when such a liability is enforced in a jurisdiction foreign to the place of the wrongful act, obviously that does not mean that the act in any degree is subject to the *lex fori*, with regard to either its quality or its consequences. On the other hand, it equally little means that the law of the place of the act is operative outside its own territory. The theory of the foreign suit is that although the act complained of was subject to no law having force in the forum, it gave rise to an obligation, an obligatio, which, like other obligations, follows the person, and may be enforced wherever the person may be found. *Stout* v. *Wood*, 1 Blackf. (Ind.) 71; *Dennick* v. *Railroad Co.*, 103 U. S. 11, 18. But as the only source of this obligation is the law of the place of the act, it follows that the law determines not merely the existence of the obligation, *Smith* v. *Condry*, 1 How. 28, but equally determines its extent. It seems to us unjust to allow a plaintiff to come here absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose."

It is then the settled law of this court that in such statutory

actions the law of the place is to govern in enforcing the right in another jurisdiction, but such actions may be sustained in other jurisdictions when not inconsistent with any local policy of the State wherein the suit is brought. *Stewart* v. *Baltimore & Ohio R. R. Co.,* 168 U. S. 445, *supra.*

Assuming that the Territory may legislate upon this subject, when we turn to the act what do we find to be its provisions? Section 1 of the act provides that "hereafter there shall be no civil liability under either the common law or any statute of this Territory on the part of any person or corporation for any personal injuries inflicted or death caused by such person or corporation in this Territory"—unless certain things are done. It is required that the person injured shall make and serve, within 90 days after such injuries shall have been inflicted, and 30 days before beginning suit, an affidavit upon the person against whom damages are claimed; which affidavit shall state the name and address of the affiant, the character and extent of such injuries so far as the same may be known to the affiant, the way or manner in which such injuries were caused, the names and addresses of such witnesses to the happening of the facts causing the injuries as may be known to the affiant at the time, and the section concludes: "and unless the person so claiming such damages shall also commence an action to recover the same within one year after such injuries occur, in the District Court of this Territory in and for the county of this Territory where the claimant or person against whom such claim is asserted resides, or, in event such claim asserted against a corporation, in the county in this Territory where such corporation has its principal place of business, and said suit after having been commenced shall not be dismissed by plaintiff unless by written consent of the defendant filed in the case, or for good cause shown to the court; it being hereby expressly provided and understood that such right of action is given only on the understanding that the foregoing conditions precedent are made a part of the law under which right to recover can exist for such injuries, except as herein otherwise provided."

This section does not undertake to create a new and statutory cause of action, but refers to the common law or previous statutes of the Territory governing actions for personal injuries or wrongful death. It puts a condition upon such actions, requiring the making of the affidavit and the service thereof, within 90 days after the injury and 30 days before commencing suit, and provides that such cause of action shall be prosecuted within one year, and undertakes to make the same maintainable only in the District Court of the Territory. If such an action for personal injuries were tried in the Territory it would be controlled by common law principles, so far as the right of recovery is concerned, provided, of course, that the statutory requirements as to the affidavit and the time of beginning the action had been complied with. At the trial counsel for plaintiff in error stated: "It is admitted that the common law is in force in the Territory of New Mexico, and that the accident happened in the Territory of New Mexico."

Such suit at common law might be maintained in any court of general jurisdiction, where service could be had upon the defendant. The question here is, when such court does entertain a suit of that kind what is it required to do in order to give effect to the statutory requirements of § 906 of the Revised Statutes?

The object of this statute of the United States was to give to the public acts of each Territory the same faith and credit in every court within the United States as they are entitled to, by law, in the Territory where they are enacted. Before this statute the effect which would have been given to the judgment of the court of a Territory rested alone upon principles of comity. These acts are now, and by force of the statute, to be given the force and effect that they would be given in the Territory which passed them, that is, the cause of action is not to be enlarged, when regulated by the legislation of a Territory, because the party sees fit to go to another jurisdiction where he can obtain service upon the defendant, and there prosecute his suit.

In the present case, in determining the merits of the cause of action, common law principles were applied in the Texas court

as they would have been in the court of New Mexico. So far as this court is concerned, we must assume that the principles governing such actions for negligence were properly given to the jury in the instructions of the court and controlled in the decision of the case.

This record discloses that the affidavit required by the statute of New Mexico was made and served within the time prescribed, and that the action was commenced within one year. The only feature of the New Mexico statute which was disregarded was the requirement that suit should be brought only in the District Court of the Territory. But we are of opinion that where an action is brought in another jurisdiction based upon common law principles, although having certain statutory restrictions, such as are found in this act, as to the making of an affidavit and limiting the time of prosecuting the suit, full faith and credit is given to the law, when the recovery is permitted, subject to the restrictions upon the right of action imposed in the Territory enacting the statute. Of course, the Territory of New Mexico could pass no law having force and effect over persons or property without its jurisdiction. *Pennoyer* v. *Neff*, 95 U. S. 714, 722; Story on the Conflict of Laws, § 539.

"Each State may, subject to the limitations of the Federal Constitution, determine the limits of the jurisdiction of its courts, the character of the controversies which shall be heard in them, and specifically how far it will, having jurisdiction of the parties, entertain in its courts transitory actions where the cause of action has arisen outside its borders. *St. Louis Iron Mountain Ry.* v. *Taylor*, 210 U. S. 281, 285."

The Territory of New Mexico has a right to pass laws regulating recovery for injuries incurred within the Territory. *Martin* v. *Pittsburg & Lake Erie R. R. Co.*, 203 U. S. 284. It has a right, under § 906 of the Revised Statutes, to require other States when suits are therein brought to recover for an injury incurred within the Territory to observe the conditions imposed upon such causes of action, although otherwise controlled by common law principles. But when it is shown that the court in the

other jurisdiction observed such conditions, and that a recovery was permitted after such conditions had been complied with, the jurisdiction thus invoked is not defeated because of the provision of the statute referred to.

Finding no error in the judgment of the Court of Civil Appeals of Texas, the same is

*Affirmed.*

MR. JUSTICE HOLMES, dissenting.

I agree to pretty much everything that is said on behalf of the majority of the court, except the conclusion reached. But my trouble is this. The Territory could have abolished the right of action altogether if it had seen fit. It said by its statutes that it would not do that, but would adopt the common law liability on certain conditions precedent, making them, however, absolute conditions to the right to recover at all. One of those conditions was that the party should sue in the Territory. Section 1. A condition that goes to the right conditions it everywhere. *Davis* v. *Mills*, 194 U. S. 451, 457. I am willing to assume that the statute could not prohibit a suit in another State, and, indeed, it recognized that in that particular it might be disobeyed with effect. Section 3. But I do not see why the condition in § 1 was not valid and important. If it had been complied with there might have been a different result.

MR. JUSTICE MCKENNA concurs in this dissent.