### TODAHL v. SUDDEN & CHRISTENSON et al.

(Circuit Court of Appeals, Ninth Circuit. April 20, 1925. Rehearing Denied May 11, 1925.)

No. 4439.

1. **Seamen** ⊚⊐29(5) — **Admiralty jurisdiction not extended to torts committed on land by Merchant Marine Act of 1920.**

Act March 4, 1915, § 20; as amended by Merchant Marine Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), providing "that any seaman who shall suffer personal injury in the course of his employment may at his election maintain an action," etc., does not enlarge admiralty jurisdiction so as to extend such jurisdiction to torts occurring on land, notwithstanding provision of original act relating to damages for injuries sustained "on board vessel or in its service"; the "service" referred to in such original act being service on or about the ship.

2. **Seamen** ⊚⊐29(5) — **Petition against owners and charterer held not to plead partnership.**

Seaman's petition against owners and charterer for injuries sustained on wharf controlled by charterer, alleging merely that steamship was being used under a charter or contract with the owners, *held* insufficient to plead that owners and charterer were partners, and that seaman was rendering service to partnership.

3. **Seamen** ⊚⊐29(1) — **Owners held not liable for injuries to seaman, sustained while returning to ship after voluntary trip ashore, because of defective condition of wharf.**

Owners of steamship who had no control over wharf *held* not liable for injuries to seaman sustained because of defective condition of wharf, while returning to ship after voluntary trip ashore, since seaman was not in owners' service at time of accident and owners' duty to provide safe place in which to work did not extend to a place beyond premises of employment, where seaman had gone for own purposes and over which owners had no control.

4. **Master and servant** ⊚⊐89(1) — **Employee discharging duty is in service of master.**

An employee is in the service of his master whenever he is doing that which under his contract of employment he is bound to do.

5. **Seamen** ⊚⊐29(5) — **Injured seaman had no common-law right of action against owners in view of state Workmen's Compensation Law.**

Seaman injured while returning to ship from voluntary trip ashore, because of defective condition of wharf, could not recover against owners of ship on theory that they had not performed their common-law duty of providing a safe place of work, since his remedy, if any, was under the California Workmen's Compensation Law (Laws Cal. 1913, p. 283, § 12).

In Error to District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Action by Axel Todahl against Sudden & Christenson, a corporation, the McCormick Steamship Company, and others. Demurrer of defendants other than the McCormick Steamship Company was sustained, and plaintiff brings error. Affirmed.

Matthew A. McCullough, of San Francisco, Cal., for plaintiff in error.

Farnham P. Griffiths, Jay T Cooper, and McCutcheon, Olney, Mannon & Greene, all of San Francisco, Cal., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was a seaman in the service of the steamship Edna, a vessel which belonged to the defendants in error. He brought an action against the owners of the Edna and the McCormick Steamship Company, which was using the vessel under "contract or charter" from the owners, to recover for injuries sustained on a wharf alongside of which the vessel was moored. Two causes of action were set forth in the complaint. The first was to recover damages under section 33 of the Merchant Marine Act of June 5, 1920, 41 Stat. 1007 (Comp. St. Ann. Supp. 1923, § 8337a), amending section 20 of the Act of March 4, 1915. The second was to recover damages under the common law. The complaint alleged that the McCormick Steamship Company was the occupant of the wharf except for 550 feet space on the north

side thereof and that aside from that space the company had exclusive use, control, and management of the wharf; that on the south side of the wharf is a bumper to protect it from the movements of ships moored alongside, and that the bumpers are separated from the wharf proper by a space 1 foot in width, except at intervals, thus leaving open spaces or holes 1 foot wide and about 10 feet long; that the wharf was unlighted; that the plaintiff in error was permitted by the mate of the Edna to go ashore about 5 o'clock in the afternoon to make purchases for himself; and that on his return about midnight be passed through the office of the McCormick Steamship Company on the wharf, using the passageway which that company provided, and that he stepped into one of the open holes between the bumper and the side of the wharf, whereby he sustained serious injuries. He further alleged that the defendants in the action had failed to advise him of the faulty, dangerous, and unsafe condition of the wharf or of the hole in the floor thereof, and that he had no knowledge of those conditions. The owners and the McCormick Steamship Company interposed demurrers to the complaint for failure to state a cause of action. The demurrer of the owners was sustained and that of the steamship company was overruled. The plaintiff in error brings the case here on writ of error to review the ruling upon the demurrer of the owners.

[1] One of the questions presented is whether or not the plaintiff was entitled to bring an action under the Merchant Marine Act of 1920. We find no warrant in any provision of that act for disregarding the prior well-settled rule that admiralty has no jurisdiction over torts committed on land. The Plymouth, 3 Wall. 20, 18 L. Ed. 125; Swayne & Hoyt v. Barsh, 226 F. 581, 141 C. C. A. 337. The plaintiff relies on the allegation of his complaint that he was in the service of the McCormick Steamship Company as well as in that of the owners of the Edna, and on that portion of the act in question which provides "that any seaman who shall suffer personal injury in the course of his employment may at his election maintain an action, etc." But we find in the act no expression of the intention of Congress to enlarge the admiralty jurisdiction. The clause, "who shall suffer personal injury in the course of his employment," is not sufficient in itself to expand the jurisdiction of the court and extend it to torts which occur on land. The plaintiff cites Panama Railroad Co. v. Johnson, 264 U. S.

375, 44 S. Ct. 391, 68 L. Ed. 748. But the opinion in that case, so far from sustaining his contention, may be referred to as supporting a contrary view of the statute. Said the court: "The asserted departure from the restriction respecting uniformity in operation is without any basis. The statute extends territorially as far as Congress can make it go, and there is nothing in it to cause its operation to be otherwise than uniform." Again, the court said: "Rightly understood the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seaman to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen the right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules." It is suggested that the clause, "or in its service," found in section 20 of the original Act of 1915 (Comp. St. § 8337a) furnishes evidence that Congress intended to give seamen a right to recover for personal injuries sustained on shore. It is to be observed, however, that that clause is omitted from the amended Act of 1920, and if its presence in the original act was significant of the intention which is claimed for it, its omission in the amended act should be regarded as evidence of a contrary intention. But it would be a strained construction to hold in view of the prior well-settled maritime law that the words "or in its service," as used in the Act of 1915, were intended to refer to the service of a seaman elsewhere than on or about the ship in whose service he was engaged. A case in point is Hughes v. Alaska S. S. Co. (D. C.) 287 F. 427, a decision which has been criticized in 1 Benedict on Admiralty (5th Ed.) § 25. But we are unable to agree with the view of the text-writer that the intention of Congress was to annex the remedy to the contract of employment and not to confine it, as if independent of contractual relation, within the bounds of maritime tort.

[2-4] Nor do we find that as against the owners of the steamship the complaint states a cause of action at common law. It alleges that the McCormick Steamship Company had the exclusive use and control of the wharf, and there is no allegation that the owners of the Edna owned the wharf or participated in its management or control. The most that is alleged in that regard is that the owners knew of the defects in the wharf and failed to warn the plaintiff thereof. We find no ground for holding, as suggested by the plaintiff, that the complaint sets forth

facts sufficient to show that the owners and the McCormick Steamship Company were partners and that the plaintiff was rendering service to a partnership. All that is alleged in that respect is that the steamship was being used under a charter or contract with the owners, an allegation wholly insufficient to show partnership. The complaint shows that at 5 o'clock in the afternoon the plaintiff obtained permission to go ashore on business of his own, that he went ashore over the wharf whereby he must have had opportunity to observe its construction, and that at midnight he was returning over the wharf on his way to the ship when the accident occurred. It is argued that the plaintiff was injured while in his employer's service, inasmuch as he was under obligation to return to the vessel and was required to pass over the wharf. It is true, as we held in Lamphere v. Oregon Nav. Co., 196 F. 336, 116 C. C. A. 156, 47 L. R. A. (N. S.) 1, that an employee is in the service of his master whenever he is doing that which under his contract of employment he is bound to do. But here the plaintiff, in voluntarily going ashore, and thus by his own act making his return necessary, was not doing that which his contract of employment bound him to do. The owners of the steamship owed him the duty of providing a safe place in which to perform his work as a seaman. That duty did not extend to his protection when going beyond the premises of his employment for purposes of his own and over premises of which his employers had no dominion or control. 26 Cyc. 1224; 18 R. C. L. 584; Kennedy v. Chase, 119 Cal. 637, 52 P. 33, 63 Am. St. Rep. 153.

[5] But if indeed the plaintiff would have had a common-law right of action against the owners of the steamship, his remedy is fixed by the Workmen's Compensation Law of California (Laws 1913, p. 283, § 12), which provides: "Liability for the compensation provided by this act, in lieu of any other liability whatsoever [to any person], shall, without regard to negligence, exist against an employer for any personal injury sustained by his employees by accident arising out of and in the course of the employment." Grant Smith-Porter Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; Netherlands American Steam Nav. Co. v. Gallagher (C. C. A.) 282 F. 171; State Industrial Accident Commission v. Nordenholdt, 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013. In the case last cited it was held that where injuries occur while an employee is

engaged in unloading a vessel on land, the local law and not the maritime law has always been applied, and that the state Compensation Act was applicable to the case. Said the court: "The statute of the state applies and defines the rights and liabilities of the parties. The employee may assert his claim against the industrial accident fund, * * * but he cannot recover damages in an admiralty court. * * * When the Compensation Act superseded other state laws touching the liability in question, it did not come into conflict with any superior maritime law."

The judgment is affirmed.