## ESTEVES v. LYKES BROS. S. S. CO., Inc.*
### No. 7340.

Circuit Court of Appeals, Fifth Circuit.
Dec. 18, 1934.

Owen D. Barker, of Galveston, Tex., for appellant.

J. Newton Rayzor and Robert Eikel, Jr., both of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Sipriano Esteves, a Spanish citizen, sued Lykes Bros. Steamship Company at law for $25,000 in the District Court at Galveston, Tex., alleging the defendant to be a domestic corporation (the answer admits a charter under the laws of Louisiana) with its principal place of business at Galveston. No question of federal jurisdiction or venue is made. The suit, which alleged a personal injury received in Puerto Rico in the course of an employment as seaman on defendant's ship, was after hearing the evidence dismissed by the judge on the ground that if controlled by the general law of Puerto Rico the plaintiff was cut off by the defenses of contributory negligence and assumption of risk, and because the injury was due to the negligence of fellow servants; but if controlled by the Workmen's Accident Compensation Act of Puerto Rico (Act No. 85, Acts of 1928, as since amended) he could not succeed because he had not before suing filed claim with the Puerto Rican Industrial Commission. This appeal followed.

The petition alleges and the evidence showed that Esteves, an able-bodied seaman of long experience, shipped at Galveston on the company's steamship Almeria Lykes registered at the Port of Galveston and plying

*Rehearing denied Feb. 28, 1935.

to San Juan, Puerto Rico, and other West Indian ports; that at San Juan on March 4, 1932, the vessel being moored at the dock and discharging cargo from all four of her hatches, he was by the first mate put to work painting the side of the vessel while standing on the dock opposite hatch No. 1. A stick of lumber fell from the sling as it passed over him and injured him seriously. Alleging a failure to furnish a safe place to work, the petition seeks recovery under section 33 of the Merchant Marine Act 1920 (46 USCA § 688), or alternatively under sections 1803 and 1804 of the Civil Code of Puerto Rico (Rev. St. & Codes Puerto Rico 1913, §§ 4909, 4910), relating to the general liability for negligence, or further alternatively under the Workmen's Accident Compensation Act of Puerto Rico. The answer contends that the Civil Code of Puerto Rico governs and that under it and under the law of the forum the defenses of contributory negligence and assumption of risks including the risk of negligence of fellow servants are good, and they are set up.

■ We agree with the District Court that section 33 of the Merchant Marine Act does not apply. That section was enacted under the powers given the United States by the Constitution over maritime matters and ought not to apply beyond the well-understood limits of admiralty jurisdiction. It relates wholly to personal injuries, and it is fully settled that such injuries which are inflicted on shipboard are under admiralty jurisdiction, but those occurring on land, though to maritime employees and at the ship's side, are under the law of the land. Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 S. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; State Industrial Commission v. Nordenholt Corporation, 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013; Smith & Son, Inc., v. Taylor, 276 U. S. 179, 48 S. Ct. 228, 72 L. Ed. 520. These cases involved stevedores rather than sailors, but in the first of them there was said to be no difference in respect of the jurisdiction and this was emphasized in Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. We are told in Warner v. Goltra, 293 U. S. 155, 55 S. Ct. 46, 79 L. Ed. ——, that the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927 (33 USCA §§ 901–950), is in pari materia and complementary to section 33 of the Merchant Marine Act 1920, and sections 2 and 3 of the former act (33 USCA §§ 902, 903)

carefully limit its coverage to injuries occurring on the navigable waters of the United States, with evident regard for the well-understood limits of admiralty jurisdiction touching injuries in harbors. That section 33 of the Merchant Marine Act 1920 was not intended to cover injury to a seaman on land was held in Hughes v. Alaska S. S. Co. (D. C.) 287 F. 427, and again in Soper v. Hammond Lumber Co. (D. C.) 4 F.(2d) 872, and in Todahl v. Sudden & Christenson (C. C. A.) 5 F.(2d) 462. The election of remedy therein given is between the law of the sea and the law of the land as provided for railroad employees with its trial by jury—not between the latter law and some other law of the land. The purpose was to change the law of the sea where that law would apply and not to change that of the land, the power of Congress to do which latter may be doubted. Yet further, it has been held that because of the language of the Organic Act of Puerto Rico (Act March 2, 1917, 39 Stat. 951), the admiralty law of the United States does not apply in the harbors of Puerto Rico. Lastra v. New York & Porto Rico S. S. Co. (C. C. A.) 2 F.(2d) 812; but we do not rest our decision on so narrow a basis.

■■ Therefore when Esteves took his stand upon the dock, although he was painting the ship, he was under the law of Puerto Rico as regards injuries to him. We think, as did the District Judge, that the general law of negligence as between master and servant, whatever that may be, is not the applicable law, because superseded by the workmen's compensation statute touching injuries to employees. Section 2 provides: "The provisions of this act shall be applicable to all laborers and employees, except such as are engaged in domestic service, who suffer injury, are disabled, or lose their lives by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment. * * * This act shall be applicable to all employers who employ one or more laborers or employees, whatever their wages may be. * * *" Section 54 says: "For the purposes of this act, laborer, workman or employee shall be understood to mean any person in the service of any individual, partnership, or corporation regularly employing one or more persons under any service contract, whether express or implied, verbal or written, and whether man, woman or child; provided, that laborers or employees in domestic service and those whose work is of a temporary nature

are expressly excluded. * * *" Esteves, regularly employed as a seaman, was an employee within the definition. His particular task of painting the ship was temporary, but it was not a new employment or work, but a performance of the duties of his original employment. On the dock as on the ship he was regularly employed by Lykes Bros. Steamship Company. When the company put him on the dock to work, it put him and itself within the reach of this act. It is to be noticed that the application of the act is not elective depending on the will of employer or employee, but is drastically compulsory. An act of the former sort takes its force from the contract of employment and becomes a part of it. One of the latter sort is imposed by the Legislature as the law of the land, applicable to all who come within its terms whether or not they contracted under and with reference to it. Ford, Bacon & Davis v. Volentine (C. C. A.) 64 F.(2d) 800. All regular employment not excepted by the act carried on in Puerto Rico is carried on under the act, and penalties are imposed by it for failure to observe its requirements. Seamen are not excepted. It has been held by the Supreme Court of Puerto Rico to be applicable to seamen; and even on their ships when in Puerto Rican waters because of the Organic Act of Puerto Rico. United Puerto Rican Sugar Co. v. District Court, —— D. P. R. ——; Vargas v. Commission, 41 D. P. R. 500. See, also, Lastra v. New York & Porto Rico S. S. Co. (C. C. A.) 2 F.(2d) 812. The New York Workmen's Compensation Act (Consol. Laws, c. 67) was held not to apply to the killing of a stevedore on a ship in the course of his employment because his service was maritime and the injury within the jurisdiction of admiralty. Southern Pac. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. But the same statute was held applicable to the killing of a stevedore on the wharf, engaged in the same maritime service, because the law of the land and not that of the sea held sway there. State Industrial Commission v. Nordenholt Corporation, 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013. Whether the Puerto Rican act applies aboard a foreign ship while in a Puerto Rican harbor or not, we must hold that it applies to an employment exercised upon the wharf which is an extension of the land.

According to that act, all employers subject to it are required to report and submit to assessment to raise a "Workmen's Relief Fund" administered by the treasury, unless they insure their employees in approved companies or are certified as self-insurers. When insurance is arranged in either of these three ways, all claims for injuries are handled through an Industrial Commission. Lykes Bros. Steamship Company recognized that its operations in Puerto Rico were to some extent carried on under the act, for it took out insurance under it for its stevedores and some other employees, but it did not cover its seamen. As to Esteves the company stood without any form of insurance. Section 25 provides: "In case of an accident to a laborer while working for an employer who in violation of the law is uninsured, the Industrial Commission shall determine proper compensation, plus expenses incurred by it, and shall certify its decision to the Treasurer of Puerto Rico who shall assess said compensation, plus expenses, on the employer and collect them from him, and both such compensation and such expenses shall constitute a lien on all the property of said employer with the same legal effect and priority as if it were a tax levied on such property. * * *" Under the heading: "Civil Sanction for Failure to Insure," section 31 provides: "If any employer shall fail to secure the payment of compensation for labor accidents in accordance with this Act, any injured employee or his dependents may proceed against such employer by filing an application for compensation, and, in addition thereto, may bring an action at law against such employer for damages, the same as if this Act did not apply, and shall be entitled in such action to the right without furnishing bond, to attach the property of the employer. * * * If as a result of such action for damages a judgment is rendered against the employer in excess of the compensation awarded under this Act, the compensation awarded by the Commission, if paid, or if secured by security approved by the Court, shall be credited upon such judgment; provided that in such action it shall be presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer to rebut the presumption of negligence. In such proceeding it shall not be a defense to the employer that the employee may have been guilty of contributory negligence, or that he assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow-worker. * * *" Section 43 expressly reiterates that the defenses just stated shall not exist in the cases specified in section 31 and that no contract

to permit them shall be valid. It is assumed by both parties to this case in argument, and we assume, that there have been no proceedings by or before the Industrial Commission. We do not think they are a prerequisite to suit under section 31. They are permitted but not required. The remedy by suit at law is not made dependent on any proceeding by or before the Commission but is additional to such. If the employee does not wish to seek relief from the treasury, which would then have recourse against the employer, but prefers to sue the employer at once, nothing in the statute prevents. This right is clearly given when the employer has not complied with the act "the same as if this Act did not apply." The treasury is not prejudiced by this course, for it is absolved from liability. The employer cannot complain, for he is advantaged if the judgment is for less than the compensation would have been, and if for more he is in no worse case, for if compensation had been allowed he could only credit it upon the judgment and must pay the balance. The suit lies whether compensation has been fixed or not.

Nor can it be successfully claimed that a federal court in Texas, having jurisdiction over the employer's person, should not entertain the suit. It is true that where a foreign statute creating a right provides an exclusive remedy to be enforced in a particular way or before a special tribunal the aggrieved party will be left to the remedy given by the statute which created the right. Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U. S. 481, 32 S. Ct. 205, 56 L. Ed. 516; Slater v. Mexican National Ry. Co., 194 U. S. 120, 24 S. Ct. 581, 48 L. Ed. 900. If Esteves were here seeking to have fixed a compensation whose fixing the statute commits to the Commission alone, or if he were attempting to sue at law for damages when the statute permitted the allowance of compensation as the sole remedy, the court in Texas could not proceed. Fuentes v. Gulf Coast Dredging Co. (C. C. A.) 54 F.(2d) 69; Todahl v. Sudden & Christenson (C. C. A.) 5 F.(2d) 462. But where the compensation law provides for the fixing of the compensation by court action the court of a foreign state may fix it when not violative of the public policy of that state. United Dredging Co. v. Lindberg (C. C. A.) 18 F.(2d) 453; Texas Pipe Line Co. v. Ware (C. C. A.) 15 F.(2d) 171. Much more when the compensation law provides for an ordinary suit at law, as in the present case, may a foreign court entertain it. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Atchison, Topeka & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 29 S. Ct. 397, 53 L. Ed. 695; Tennessee Coal, I. & R. R. Co. v. George, 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685. No conflict with any public policy either of the state of Texas or of the United States is asserted to exist and no practical obstacle to the suit appears.

The cause of action, though enforced in Texas, is that which arose in Puerto Rico under the law there, and its substantial incidents, distinguished from mere procedure, as fixed by that law are a part of it. Slater v. Mexican National R. R., 194 U. S. 120, 24 S. Ct. 581, 48 L. Ed. 900; Atchison, Topeka & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 29 S. Ct. 397, 53 L. Ed. 695. The defenses of contributory negligence, assumed risk, and negligence of fellow servants which are forbidden in Puerto Rico will not obtain in Texas. The exclusion of them accords with the policy of Texas and of the United States in several of their statutes respecting employees. Neither of these defenses ought to have defeated Esteves. We therefore reverse the judgment and remand the case for further proceedings not inconsistent with this opinion.

Judgment reversed.