Jose **GUERRIDO**, Libellant,

v.

**STEAMSHIP M. V. CORONA**, her engines, boilers, etc.,

and

**Alcoa Steamship Co., Inc., Respondent.**

**No. 71.**

United States District Court
D. Puerto Rico, San Juan Division.

Oct. 7, 1955.

C. R. Hartzell, San Juan, Puerto Rico, for claimant.

Golenbock & Komoroff, New York City, for libellant.

Fiddler, Gonzalez & Nido, San Juan, Puerto Rico, for respondent.

CLEMENTE RUIZ-NAZARIO, District Judge.

Libellant seeks compensation for personal injuries alleged to have been suffered on board the "M. V. Corona" while said vessel was discharging cargo at San Juan, Puerto Rico on August 5, 1953. Libellant, a longshoreman, was engaged in the discharge of cargo when a wire rope on board the M. V. Corona broke and injured him. The suit was originally filed in the District Court for the Southern District of New York, whence it was transferred upon motion by Respondent Alcoa Steamship Company Inc. Said Respondent has now moved for a dismissal of the libel on the ground that Alcoa was a time charterer not in control of the vessel at the time of the injury and thus is not liable for injuries caused by the unseaworthiness of the vessel.

The point of view from which I approach this case, however, makes it unnecessary for me to consider the question of a time charterer's liability under the facts at bar, as this injury occurred in waters of the island of Puerto Rico, in which the substantive admiralty law of the United States is inoperative.

Lastra v. New York & Porto Rico S. S. Co., 1 Cir., 2 F.2d 812, is authority for the proposition that the Workmen's Compensation Act of Puerto Rico is applicable to libellant, to the exclusion of any remedy available under the substantive admiralty law of the United States. However, as the Lastra case was decided under the 1917 Organic Act for Puerto Rico, 39 Stat. 951, 48 U.S.C.A. § 731 et seq., perhaps it would be well to empha-

size that the sections of said Organic Act, relied on by the Court in the Lastra case, have been incorporated in the Puerto Rican Federal Relations Act, Public Law 600, 64 Stat. 320; Title 1, L.P.R.A. Sections 1, 7 and 8. As the situation respecting the legislative power over the waters of the island of Puerto Rico has in no wise changed since the Lastra case, this court has no power to apply the substantive admiralty law of the United States in the case at bar, and the libel must be dismissed.

 This does not mean, however, that "an employee" as defined under Section 39, Title 11, L.P.R.A. is wholly without remedy in a Federal Court whenever the employer is uninsured in violation of the law, if the usual requirements of diversity of citizenship and amount in controversy, are met. In Esteves v. Lykes Bros. SS Co., 74 F.2d 364, the Circuit Court of Appeals, 5th Circuit, upheld the right of a seaman, injured at ships side in Puerto Rican waters, to have compensation against his uninsured employer, under the Puerto Rican statute, fixed by the U. S. District Court in Texas, in view of the provision in the Workmen's Compensation Act of Puerto Rico entitling an injured employee to bring court action against his uninsured employer.

In the case at bar libellant cannot avail himself of the rule in the Esteves case because he was not an employee of either the herein respondents, M. V. Corona, its alleged owner Swiss Shipping Co. Ltd., or its time charterer Alcoa Steamship Co. (see averments six and seven of the libel), who with respect to him were third persons. As appears from said averments of the libel, the libellant at the time of the accident was in the employ of a stevedoring company not a party defendant in this action.

Under the Workmen's Compensation Act presently in force in Puerto Rico, Title 11, L.P.R.A., no action against third parties may be instituted by the injured workman until after the expiration of ninety days from the decision of the case by the Manager of the State Fund. Sec. 32. Even though this case were to be treated as an ordinary civil action for damages under the diversity provisions and the libel treated as a complaint, it fails to state a claim upon which relief can be granted, as no allegation is made therein of the existence of the condition precedent established in Sec. 32 of Title 11, L.P.R.A. Nor is any averment made that the Manager of the State Fund has failed to institute the action against these third parties, which is another condition precedent required by said sec. 32 of Title 11, L.P.R.A.

### Decree

For the reasons above stated, it is ordered that the libel be, and the same is hereby ordered dismissed.