MAYOR, ALDERMEN, ETC., OF NEW YORK, *v.* INDEPENDENT STEAM-BOAT
Co., impleaded.

*(Circuit Court, S. D. New York.   January 30, 1885.)*

REMOVAL OF CAUSE — FEDERAL QUESTION — FERRY PRIVILEGES — INVASION BY
    OWNERS OF LICENSED AND ENROLLED VESSELS.
        Plaintiffs filed a bill against defendants, alleging that they are entitled to en-
    joy the exclusive right to establish and maintain ferries between New York
    and the opposite shore of North river, including Staten island, and that de-
    fendants have established and maintained a ferry between Pier 18 and various
    places on Staten island, and praying for an injunction and an accounting. De-
    fendants denied plaintiffs' right to the exclusive privileges claimed, and as-
    serted that they were not operating a ferry, but were engaged as common car-
    riers in transporting persons and freight on the navigable waters of the United
    States, and that all of their boats and vessels were duly enrolled and licensed
    for carrying on the coasting trade, under the laws of congress. *Held,* that no
    federal question was involved, and that the cause was not removable from the
    state court into the United States court.

Motion to Remand.

*E. Henry Lacomb,* counsel to the corporation.

*Work & McNamee,* for defendant.

WALLACE, J.   The question arising upon this motion to remand is
whether the suit is one arising under the constitution or laws of the
United States.   If to any extent a federal law is an ingredient of
the controversy by way of claim or defense the suit was properly re-
moved, and the motion should be denied.   The bill of complaint al-
leges, in substance, that the plaintiffs enjoy the exclusive right to es-
tablish and maintain ferries for the transportation of passengers and
freight between the city of New York and all places upon the oppo-
site shore of the North river, including Staten island; and that the
defendants without permission of the plaintiffs have established and
are engaged in maintaining a ferry between pier 18 on the North
river and various places upon Staten island.   The prayer is for an
injunction restraining the defendants from employing any ferry-boats
or other vessels in the transportation of persons or merchandise from
or to pier No. 18, or any other place included in their franchise, to
or from any landing place on the shores of Staten island.   There is
also a prayer for an accounting and damages.   The answer denies
the plaintiff's right to the ferry privileges claimed, and asserts that
the defendants are not operating a ferry, but are engaged in the law-
ful transportation of passengers and freight, as common carriers, upon
the waters of the United States, between pier No. 18, in the city of
New York, and the several landing places on Staten island; and al-
leges that all of the boats and vessels employed by the defendants
were duly enrolled and licensed for carrying on the coasting trade
under the laws of congress.

If the right to maintain a ferry and exclude the defendants from
establishing one could in any way preclude the defendants from the

v.22F,no.14—51

enjoyment of their rights in the navigation of the waters of the United States under their license, a federal question would arise. Such a license is a warrant to traverse the navigable waters of the United States granted conformably to a law enacted by congress in the exercise of its power to regulate commerce. The extent and nature of the privileges conferred by such a license involve questions of federal law. *Gibbons* v. *Ogden*, 9 Wheat. 1. But unless these privileges may be drawn into collision with the rights of the plaintiffs, these questions cannot arise. The plaintiffs' franchise is one "in respect of the landing place, and not of the waters," and concerns only the transit to and from the shore of that portion of the state to which their privilege extends. *Conway* v. *Taylor's Ex'r*, 1 Black, 603. Whether the plaintiffs own such a franchise, and whether its terms are sufficiently comprehensive to exclude the defendants from using the landing at pier 18 for the purposes of a rival ferry, or for any other purpose inconsistent with plaintiffs' rights, are questions of general jurisprudence, irrespective of federal law. The fact that the defendants under their license are entitled to navigate the public waters does not affect in the slightest degree the rights or condition of the parties. *Veazie* v. *Moor*, 14 How. 568.

Undoubtedly a ferry may be an instrument of interstate commerce, and, as such, subject to the regulation of congress under the commerce clause of the constitution. Railways, bridges, and wharves fall within the same category; but until congress has asserted its power over them by legislation the national authority is inert, and cannot be invoked by suitors as the foundation of any adverse rights. *Ormerod* v. *New York, W. S. & B. R. Co.* 21 Blatchf. 107, S. C. 13 Fed. Rep. 370, is an illustration. The law respecting the enrollment and license of vessels is not an assertion by congress of its authority for the regulation of those instrumentalities of commerce which are primarily the legitimate subjects of regulation by the states. An attempt to maintain the contrary was ineffectually made in *Transportation Co.* v. *Parkersburg*, 107 U. S. 691, S. C. 2 Sup. Ct. Rep. 732, where the court repudiated the theory that a plaintiff, the owner of a steam-boat enrolled and licensed, could challenge the right of the defendant to exact wharfage as an abridgment of the free use of the Ohio river. It was there decided that such a suit did not arise under the constitution or laws of the United States, as no act of congress had been passed regulating wharfage.

The defendants attempt by their answer to litigate the general question whether, under their license, they are not entitled to employ the waters of the United States in the business of commerce, notwithstanding the plaintiffs' franchise. If this were within the legitimate issues made by the pleadings the jurisdiction of this court would be properly invoked. But the defendants cannot force an issue upon the plaintiffs which the latter disclaim, unless it is within the boundaries of the relief sought by the bill. The plaintiffs assert a right to

be protected against the invasion of their franchise to establish and maintain a ferry. The defendants have encroached upon that right, or they have not. Whether they have or not does not depend upon the efficacy of their' coasting license, or involve the authority of the United States to regulate commerce upon public waters. These matters are extraneous to the real controversy, because the franchise of the plaintiffs gives them no monopoly which conflicts with the authority of the United States or the derivative rights of the defendants; and no such effect is claimed for it by the plaintiffs. It is incumbent upon the court to ascertain whether, notwithstanding some of the averments in the pleadings, the federal question suggested is one which is a necessary ingredient in the case. *Manhattan Ry. Co.* v. *Mayor, etc.,* 18 FED. REP. 195. If it is found not to be, jurisdiction should be refused. The motion to remand is granted.