some appliances necessary for switching, it was his duty to report to the trainmaster, who would determine the advisability of furnishing whatever was required. We think under this showing the yardmaster was the proper person to whom deceased should complain. * * * Defendant's business is transacted by many officers, agents, and servants of different grades. It being the duty of the yardmaster to report such complaints to another, the complaint was properly made to him, though he may not have had authority to remedy the difficulty complained of. * * * No particular form of words is required to constitute a complaint or assurance. If, by any acts or expressions, the deceased gave the proper agent of defendant to know that he was unwilling to continue in the 'employment without running boards on the engine, that was a sufficient complaint; and, if by any acts or expressions the agent gave the deceased reason to believe that running boards would be furnished, that was a sufficient assurance or promise. * * * If such assurance was made, and deceased was induced thereby to continue in the employment, then, as we have seen, the defendant assumed the risks incident to the performance of the work without running boards until such boards should be furnished. The foregoing views of the law are so uniformly sustained by the authorities that we do not deem it necessary to make citations. We think there was no eror in submitting the inquiry as to the complaint and promise or assurance to the consideration of the jury."

See, also, Homestake M. Co. v. Fullerton, 69 Fed. 923, 928, 16 C. C. A. 545; Dells Lumber Co. v. Erickson, 80 Fed. 257, 259, 25 C. C. A. 397; Swift & Co. v. O'Neill, 187 Ill. 337, 342, 58 N. E. 416.

In 1 Labatt on Master and Servant, cited by the defendant, at section 420, under the head of "Whose promise is binding on the master," the author said:

"The question whether the employé in question was authorized to make the alterations requisite to secure the servant's safety is for the jury, whenever evidence has been adduced which is reasonably susceptible of the construction that he was so authorized."

Motion for new trial denied.

---

## THE MARS.

(District Court, E. D. Pennsylvania. June 22, 1906.)

### No. 47.

SEAMEN—INJURY IN SERVICE—EXPENSE OF CURE.

A seaman injured in the service of a vessel is entitled to recover from the vessel all expense necessary to effect his cure, including board, medicines, and treatment so far as ordinary medical means extend, but not for extraordinary treatment, nor for attention which he can himself give.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Seamen, §§ 39–44.]

In Admiralty. Suit for personal injury.
See 138 Fed. 941.

Howard M. Long, for libelant.
John F. Lewis, for respondent.

HOLLAND, J. On the authority of McCarron v. Dominion Atlantic Railway Company (D. C.) 134 Fed. 762, I have allowed Dr. Roe's

bill of $69, and the claim of Spira Serrias for medicine furnished Manides, amounting to $42, and board for the 26 weeks after he came out of the hospital, at $5 per week and $50 for future treatment which he seems to require, making a total of $291. The claimant was treated at the German Hospital, and was discharged from there not entirely cured, and he would be entitled to be paid for any necessary expense to effect a cure so far as the ordinary medical means extend, but not for extraordinary treatment or attention which he could himself give.

Decree accordingly.

---

## MILLS v. PROVIDENCE BELTING CO.

(Circuit Court, D. Rhode Island. May 12, 1906.)

### No. 2,720.

DISCOVERY—INSPECTION OF PREMISES BY ADVERSE PARTY—STATE STATUTE.

Section 372, p. 107, of the court and practice act of Rhode Island of 1905, which requires a defendant to allow a reasonable inspection of its premises, is applicable to actions at law for a personal injury in a federal court within the state, and violates no constitutional right of a defendant.

On motion by plaintiff to view and examine place and cause of injury.

John A. Tillinghart, for plaintiff.
Vincent, Boss & Barnefield, for defendant.

BROWN, District Judge. The plaintiff moves that the attorneys of record of the plaintiff may be permitted, with experts, to view and examine the place and cause of the injury mentioned in the declaration. The plaintiff relies upon section 372, p. 107, of the Court and Practice Act of the state of Rhode Island, passed by the General Assembly at its January session, 1905. I am of the opinion that that section is applicable to actions at law pending in this court, and that a requirement that the defendant shall allow a reasonable inspection of its premises violates no constitutional rights of the defendant. Camden Ry. Co. v. Stetson, 177 U. S. 172, 20 Sup. Ct. 617, 44 L. Ed. 721; Montana Co. v. St. Louis M. & M. Co., 152 U. S. 160, 14 Sup. Ct. 506, 38 L. Ed. 398. It is familiar practice to order a view of private premises; and, if it be permissible to require a defendant to submit to an examination of its premises by a jury at the time of trial, I see no reason for applying a different rule to an application of this character, made before the actual trial. The defendant is, of course, entitled to insist that this examination shall be at a reasonable time, and upon suitable terms and conditions. In case such time, terms, and conditions cannot be agreed upon, they will be determined by the court.

Motion granted.