## SANDSTROM v. PACIFIC S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1919.)

No. 3315.

MASTER' AND SERVANT ⬅⟶253½—TERRITORIES ⬅⟶8—LIMITATIONS IN FEDERAL EMPLOYERS' LIABILITY ACT APPLY IN ALASKA.

The liability of a steamship company for death of a sailor, injured while in its employ on a vessel operated as common carrier in Alaska, is controlled by the provisions of Employers' Liability Act June 11, 1906, §§ 1, 4, as to carriers engaged in commerce in any territory of the United States, and under the latter section an action for employé's death occurring more than one year prior to its commencement is barred.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by A. F. Sandstrom, administrator of Walter R. Weber, deceased, against the Pacific Steamship Company, a corporation of Maine. Judgment for defendant, and plaintiff brings error. Affirmed.

H. E. Foster, of Seattle, Wash., for plaintiff in error.
Grosscup & Morrow, of Tacoma, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The death of the party, to recover damages for which this action was brought, occurred more than one year prior to its commencement. The deceased died as the result of injuries received while employed by the defendant in error as a sailor on the steamship Admiral Watson, at the time operated by the defendant in error as a common carrier of commerce within the territory of Alaska, and the question presented by the record is whether the Employers' Liability Act of June 11, 1906 (34 Stat. 232, c. 3073), controlled the liability of the defendant in the case. The first section of that act is as follows:

"That every common carrier engaged in trade or commerce in the District of Columbia, or in any territory of the United States, or between the several states, or between any territory and another, or between any territory or territories and any state or states, or the District of Columbia, or with foreign nations, or between the District of Columbia and any state or states or foreign nations, shall be liable to any of its employés, or, in the case of his death, to his personal representative for the benefit of his widow and children, if any, if none, then for his parents, if none, then for his next of kin dependent upon him, for all damages which may result from the negligence of any of its officers, agents, or employés, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways, or works."

We think the question is conclusively settled in the affirmative by the decisions of the Supreme Court in the cases of El Paso & N. E. Ry. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106, and

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Washington, Alexandria, & Mt. Vernon Railway Co. v. Downey, 236 U. S. 190, 35 Sup. Ct. 406, 59 L. Ed. 533. That being so, and section 4 of the act of Congress referred to declaring "that no action shall be maintained under this act unless commenced within one year from the time the cause of action accrued," it necessarily results that the judgment must be, and hereby is, affirmed.