# Lawton *v.* Diamond Coal & Coke Co. et al., Appellants.

*Workmen's compensation—Death on houseboat—Jurisdiction—Admiralty—Navigable waters—Landing—Findings of compensation board—Workmen's Compensation Act.*

1. The Pennsylvania Workmen's Compensation Act applies to a case where a workman is killed in the course of his employment in a houseboat on which he lives permanently, attached to a landing by ropes, and belonging to a corporation operating boats on navigable rivers, where it appears that the houseboat was not moved about, that the landing was its fixed location, and that it was considered part of the landing.

2. In such case, if the compensation board does not find that the houseboat was in the water, or between high and low watermark, there is sufficient to establish jurisdiction under the Pennsylvania law, and not under admiralty law.

Argued October 10, 1921. Appeal, No. 95, Oct. T., 1921, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 2660, affirming decision of Workmen's Compensation Board on hearing de novo, in case of Ella Lawton v. Diamond Coal & Coke Co., and Ætna Life Ins. Co., insurance carrier. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board on hearing de novo. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendants appealed.

*Error assigned,* inter alia, was above order, quoting it.

*William A. Challener,* with him *Clarence Burleigh,* for appellants.

*Robert M. Steffler,* for appellee.

Per Curiam, January 3, 1922:

We adopt the following excerpts from the opinion of the common pleas: "This is an appeal by defendant from an award, to the widow of Neil Lawton, made by the Workmen's Compensation Board, and the question involved is whether the case is one of admiralty jurisdiction. The defendant corporation operates steamboats on the Allegheny, Monongahela and Ohio Rivers, navigable waters under the acts of Congress. On December 26, 1919, Lawton was employed by defendant as superintendent of its landing, situated near the junction of these rivers......He was killed [during the course of his employment] on a houseboat owned by defendant. ......Lawton and his family lived on this houseboat. It was not found by the board that the houseboat had any other purpose or use; it was attached to the landing by ropes, and was not moved about; the landing was its fixed location, and it was considered part of the landing. The board states: 'We are therefore of the opinion, relying on the above, that this accident happened on land; the Workmen's Compensation Board has jurisdiction.'......The board did not find as a fact that the houseboat was on land; it drew a conclusion of law from recited facts; nevertheless it did not find that [the houseboat] was in the water, or between high and low water-mark. They found sufficient to show jurisdiction and nothing to oust it."

We agree with the court below that the Workmen's Compensation Law of Pennsylvania applies.

Judgment affirmed.