## HUGHES v. ALASKA S. S. CO.

(District Court, W. D. Washington, N. D.    March 7, 1923.)

No. 7311.

Seamen ☞29(5)—Jurisdiction of action for injuries to mess boy on dock.

Where mate wrongfully sent mess boy on the wharf to assist in unloading, where he was injured, the court had no jurisdiction of a suit instituted under Merchant Marine Act 1920, § 33, amending Act March 4, 1915, § 20, providing that any seaman who shall suffer personal injury in

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the course of his employment may at his election maintain an action for damages at law; no intention being shown by section 33 to include in the new remedy any cases in so far as territorial jurisdiction is concerned, not covered by the old.

At Law. Action by George F. Hughes against the Alaska Steamship Company. Jurisdiction of court determined.

Allen, Martin & Wardall, of Seattle, Wash., for plaintiff.
Bogle, Merritt & Bogle, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Plaintiff alleges that he was articled as a mess boy on the steamship Skagaway, of which the defendant is the owner, and that his work was that of serving meals to the seamen and firemen and any work required in the steward's department of the ship; that it was not customary to require mess boys to work cargo about the docks, holds, or wharves, such work being done by sailors in the deck department, or stevedores; that it was mutually understood that plaintiff's work should be that of mess boy, except as to labor necessary for the safety of the ship and cargo, as specified in section 2 of the Seamen's Act of March 4, 1915 (Comp. St. § 8363h). It is further alleged that, while unloading cargo at Skagaway, Alaska, over plaintiff's objection, the first mate ordered plaintiff upon the wharf to assist in the unloading; that the first mate assigned the purser to act as winch driver, at which work he was inexperienced, and for which work he was not hired; that the first mate, acting as hatch tender, and the purser, as winch driver, negligently dropped a loaded cargo sling upon plaintiff, while he was working as directed by the mate upon the dock, seriously injuring him. The complaint further avers:

"Plaintiff in this action elects to maintain an action for damages at law under section 33 of the Shipping Act and Merchant Marine Act of 1920, amending section 20 of the Seamen's Act of March 3, 1915."

The question for determination is that of the court's jurisdiction to proceed further in this case under section 33 of the Merchant Marine Act of 1920 (41 Stat. 1007), the advantage of which plaintiff asks, presumably to avoid meeting the defense that he was injured through the negligence of a fellow servant. The language of section 33 of the Merchant Marine Act of 1920, amending section 20 of the Act of March 4, 1915, upon which plaintiff relies, is as follows:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury. * * *" 41 Stat. p. 1007.

The contention is that the use of the expression "in the course of his employment," coupled with the fact that a seaman may be required to handle the ship's lines or cargo upon the dock, shows that Congress intended that this court should have jurisdiction over torts resulting in the seaman's injury on shore in such service to the ship.

In view of the well-established principle that the jurisdiction in the admiralty is confined to torts committed or suffered upon the high seas or other navigable waters, such an intention would have to be most clearly shown. No such intention on the part of Congress is disclosed by the language used in section 33. The use of the expression "at his

election" shows that the remedy granted by section 33 for a tort is an alternative one to that already possessed by the seaman for his injury—the remedy of care and maintenance and wages to the end of the voyage, where he is injured in the service of the ship, and for full indemnity in case the ship was unseaworthy. No intention is shown by section 33 to include in the new remedy any cases, in so far as territorial jurisdiction is concerned, not covered by the old.

At present it is not necessary to consider the sufficiency of plaintiff's complaint under the Act of June 11, 1906 (34 Stat. 232). Interstate Commerce Com. v. U. S., 224 U. S. 474, 32 Sup. Ct. 556, 56 L. Ed. 849; El Paso & N. E. R. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106; Sandstrom v. Pacific S. S. Co., 260 Fed. 661, 171 C. C. A. 425; Walsh v. Alaska S. S. Co., 101 Wash. 295, 172 Pac. 269 —suits under which must be brought within one year from the date of the injury. Winfree v. Northern Pac. R. Co., 173 Fed. 65, at page 67, 97 C. C. A. 392, 44 L. R. A. (N. S.) 841; Sandstrom v. Pacific S. S. Co., 260 Fed. 661, 171 C. C. A. 425, supra.

Holding that there is no jurisdiction to proceed under section 33, the plaintiff is allowed to elect whether he will proceed under the law of 1906, with or without the amendment of his complaint.