## SOPER v. HAMMOND LUMBER CO.

(District Court, N. D. California, S. D.
April 14, 1925.)

No. 17278.

**1. Seamen ☞29(5)—Merchant Marine Act did not make Railroad Employers' Liability Law applicable to seaman injured on shore.**

Merchant Marine Act 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), giving "any seaman who shall suffer personal injury in the course of his employment" election to proceed at common law, did not make Railroad Employers' Liability Law (Comp. St. §§ 8657–8665) available to seaman injured on shore, since such section 33 has no application to an injury received on shore.

**2. Statutes ☞236—Ambiguous remedial legislation construed in light of mischief to be cured.**

Remedial legislation, if at all ambiguous, is to be construed in light of the mischief to be cured.

At Law. Action by Walter Soper against the Hammond Lumber Company. On demurrer to complaint. Demurrer sustained.

S. T. Hogevoll, of San Francisco, Cal., for plaintiff.

Harold M. Sawyer and Alfred T. Cluff, both of San Francisco, Cal., for defendant.

PARTRIDGE, District Judge. This is an action for personal injuries, designated by plaintiff a "complaint by a seaman under the Railroad Employers' Liability Law, 35 Stat. 65" (being Comp. St. §§ 8657–8665). The allegations are that plaintiff was employed as able seaman on the Covena, a ship engaged in interstate commerce, and that while he was engaged in loading the vessel a pile of lumber on shore fell upon and injured him.

[1] The action is headed as above described, according to plaintiff's brief, upon the theory that section 33 of the Merchant Marine Act of 1920 (Comp. St. Ann. Supp. 1923, § 8337a), adopts the railroad liability statute, as to vessels engaged in interstate commerce, no matter where the seaman is injured, provided only it can fairly be said to be within his employment as a seaman. Judge Cushman, in Hughes v. Alaska S. S. Co. (D. C.) 287 F. 427, held directly to the contrary. However, in the latest (5th) edition of Benedict on Admiralty, § 25, the editor criticizes Judge Cushman's decision, and argues that section 33 made the rights of seamen thereunder to depend upon his contract of employment.

I cannot see it that way at all. Section 33 of the Merchant Marine Act provides that "any seaman who shall suffer personal injury in the course of his employment" may have his election to proceed at common law. But, if he is injured on shore, even in the course of his employment, he needed no congressional permit to bring an action at common law. The clear intent and purpose of the section was to give him a right which he did not possess before—namely, an election to pursue a common-law remedy if he were injured on board ship. Prior to the enactment of section 33, he had no remedy, except at Admiralty, without a jury, and his recovery (except in the case of unseaworthiness) was restricted to wages, maintenance, and cure.

[2] It is, of course, elementary that remedial legislation, if at all ambiguous, is to be construed in the light of the mischief to be cured. The mischief here was the fact that the seaman was deprived of the right of trial by jury for maritime injuries, and restricted in the amount of his recovery. But he never was so deprived or so restricted for injuries occurring on shore. I think, moreover, that Panama Railroad Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, which is cited as being contrary to the Hughes Case, is in strict accord with it. At page 388 (44 S. Ct. 394) occurs the following language:

"Rightly understood the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seaman to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by

the maritime law as modified, and not between that law and some nonmaritime system."

The question received exhaustive treatment in Industrial Commission v. Nordenholt Co., 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013. That was error to the Supreme Court of New York, which had held that a stevedore injured on the dock was not entitled to compensation, because his contract was maritime. The Supreme Court of the United States, in reversing the Supreme Court of New York, makes this broad, general distinction:

"When an employee, working on board a vessel in navigable waters, sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land."

In Chas. Nelson Co. v. Curtis, 1 F.(2d) 774, the Court of Appeals for this circuit, in holding that the owner of a vessel is entitled to limitation of liability as against a seaman's suit under section 33, quotes the above language from Panama Railroad v. Johnson.

I am constrained to hold, therefore, that section 33 has no application to an injury received on shore.

Let the demurrer be sustained.