## STEWART & COMPANY *v.* RIVARA.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 290. Argued April 22, 1927.—Decided May 31, 1927.

Section 65 of the New York Personal Property Law, provides that, whenever articles sold on condition that the title shall remain in the vendor until payment of the price are retaken by the vendor, they shall be retained for thirty days during which the vendee may comply with the contract and recover the property; that after expiration of 'hat period, if the contract is not complied with, the vendor may cause the articles to be sold at public auction; and that, unless sold within thirty days after expiration of such period, the vendee may receive the amount paid on the articles under the contract. *Held,* as applied to a vessel documented as a vessel of the United States and enrolled for the coastwise trade:

1. The state law does not interfere with the use of such vessels as instrumentalities of interstate commerce. P. 617.

2. In a suit by a vendee against a vendor to recover the amount paid on account of purchase price, the question whether the statute might conflict with enforcement of maritime liens of third parties in the federal admiralty jurisdiction, is not involved. P. 618.

3. The statute does not conflict with the federal Recording and Enrollment Acts, Rev. Stats. §§ 4192, 4311. P. 618.

4. The regulation is valid as applied to enrolled vessels engaged in interstate commerce, in the absence of legislation by Congress in respect of the matter. P. 618.

241 N. Y. 259, affirmed.

ERROR to a judgment of the Supreme Court of New York entered after affirmance by the Court of Appeals, awarding recovery to Rivara in a suit under the New York Personal Property Law for the amount paid by him on account of the price of a vessel which he had bought from the Stewart Company upon conditional sale and which the vendor retook when the vendee defaulted. See also 214 App. Div. 737.

*Messrs. John M. Woolsey* and *Harrington Putnam,* with whom *Mr. L. deGrove Potter* was on the brief, for plaintiff in error.

*Mr. James M. Gorman,* with whom *Mr. Pierre M. Brown* was on the brief, for defendant in error.

MR. JUSTICE BUTLER delivered the opinion of the Court.

April 17, 1919, the company made a contract to sell Rivara a tugboat. The vessel had been documented by the company in the Custom House in New York as a vessel of the United States and was enrolled for coasting voyages between ports of the United States. It was operated in interstate and intrastate commerce. The purchase price was to be paid in installments, and title was not to pass until all was paid. When the contract was made, the buyer paid part and the seller delivered the tug to him. The contract provided that in case of default the seller might take possession of the tug and that all payments on the purchase price should be applied solely as rental. The buyer agreed, pending the fulfillment of the contract, properly to maintain the tug, to keep it free from libels and to pay for insurance. After making some additional payments on the purchase price, the buyer defaulted. The seller instituted proceedings in admiralty for possession; and, pursuant to a decree dated April 7, 1921, obtained the tug subject to any rights or accountability which it might be under by reason of the New York Sales Act or any other law. In January, 1922, the buyer brought this action to recover the amount paid on the purchase price. The basis of his claim was that, although he did not comply with the contract or make good his default, the seller failed to sell the tug, or to give notice of sale, in accordance with §§ 65 and 66 of the Personal Property Law of New York. The seller answered that the state law did not apply to vessels documented in accordance with federal law and set up counterclaims for amounts paid by it to or for the buyer. The case was tried without a jury; the court found the amount of the buyer's payments with interest, the rental

value of the tug and the amount paid by the seller for maintenance and insurance. It held that the conditional sale was subject to the state law; that the seller was not entitled to credit for the rental value, and gave the buyer judgment for the amount of his payments with interest less the sums paid by the seller. The judgment was affirmed in the Appellate Division, 214 App. Div. 737, and in the Court of Appeals. 241 N. Y. 259.

Plaintiff in error contended in the Court of Appeals and here insists that, as applied in this case, § 65 interferes with interstate commerce because it requires the vessel to be withdrawn from service for more than thirty days, and infringes the exclusive admiralty jurisdiction of the United States because during the same period it conflicts with the enforcement of maritime liens; that, by the Enrollment Act, R. S. § 4311, and the Recording Act, § 4192, Congress created a form of property known as " vessels of the United States," and brought such property within its exclusive jurisdiction under the commerce clause; and that the state law conflicts with the Acts of Congress and therefore cannot be given effect.

The contract was made before the passage of the Jones Act, approved June 5, 1920, c. 250, 41 Stat. 988, 1000. Section 4311, Revised Statutes, provides that vessels of twenty tons or upward enrolled in pursuance of this title [L] and having licenses in force as required by this title shall be deemed vessels of the United States, entitled to the benefits and privileges appertaining to such vessels employed in the coasting trade.[1] And § 4192 provides that no bill of sale, mortgage, hypothecation, or conveyance of any vessel of the United States shall be valid against any persons, other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice

---

[1] Act of February 18, 1793, c. 8, § 1, 1 Stat. 305; U. S. C. Tit. 46, § 251.

thereof, unless recorded in the office of the collector of the customs where such vessel is registered or enrolled.[2]

Article 4 of the New York Personal Property Law regulates contracts for conditional sale of goods and chattels. Section 65 relates to the sale of property retaken by the conditional vendor. It provides that whenever articles sold on the condition that the title shall remain in the vendor until payment of the purchase price, are retaken by the vendor, they shall be retained for thirty days during which the vendee may comply with the contract and receive the property; that after the expiration of that period, if the contract is not complied with, the vendor may cause the articles to be sold at public auction, and that, unless they are so sold within thirty days after the expiration of such period, the vendee may recover the amount paid on such articles under the contract. The Court of Appeals held that § 65 applies to the enrolled tugboat; and, unless that construction brings the state law into conflict with the Constitution or Acts of Congress, it will be followed by this Court.

Clearly there is nothing in the state law to interfere with the use of such vessels as instrumentalities of interstate commerce. Its enforcement does not require that the tugboat be withdrawn from service after retaking by the conditional vendor; and the change of possession would not necessarily interfere with its use in interstate commerce. And, if interpreted to require the vessel to be withdrawn from service for a time, the law would not for that reason be invalid. *Martin* v. *West*, 222 U. S. 191, 197, 198; *Davis* v. *C. C. C. & St. L. Ry.*, 217 U. S. 157, 174, *et seq.; The Winnebago*, 205 U. S. 354, 362; *Johnson* v. *Chicago and Pacific Elevator Co.*, 119 U. S. 388, 400.

---

[2] Act of July 29, 1850, c. 27, § 1, 9 Stat. 440. See also Merchant Marine Act, June 5, 1920, c. 250, § 30 C (a) and (x), 41 Stat. 988, 1000, 1006; Home Port Act, February 16, 1925, c. 235, § 2, 43 Stat. 948; U. S. C. Tit. 46, § 1012.

Counsel for plaintiff in error argues that, during the period which the state law requires property retaken to be retained, persons having claims against such vessels for supplies, salvage, wages of seamen and the like cannot proceed *in rem* to enforce their maritime liens. But the controversy in this case is exclusively between the buyer and seller. No third person is here asserting rights as a purchaser or as a maritime lien claimant. And we need not consider what effect, if any, enforcement of the provisions of § 65 would have in a case where such rights are in issue. *Goreib* v. *Fox. et al., ante,* p. 603.

The Recording Act was passed to furnish information as to title and to protect bona fide purchasers. *White's Bank* v. *Smith,* 7 Wall. 646, 655. The Act expressly declares that it does not affect the title to vessels as between the parties to the transactions to which it applies. Congress has not undertaken to regulate contracts for conditional sales of vessels or other property used to carry on interstate commerce. It has not entered the field occupied by the state law in question. The purpose of the enrollment of vessels is to give to them the privileges of American vessels as well as the protection of our flag. There is no foundation for the contention earnestly urged by plaintiff in error that Congress by these Acts created " a new form of property known as vessels of the United States " or that enrolled vessels are " nationalized or federalized " in respect of conditional sale contracts such as the one here involved. The enrollment of such vessels is not inconsistent with the application of the state law. Its provisions are not directed against interstate commerce or any regulations concerning it. As interpreted and applied by the state court, it merely regulates contracts for conditional sale of an enrolled vessel used in interstate commerce. In the absence of legislation by Congress in respect of the matter, the

power of the State to enforce such a law cannot be doubted.  *Sherlock* v. *Alling*, 93 U. S. 99, 104; *Bulkley* v. *Honold*, 19 How. 390; *The Winnebago, supra,* 362; *Smith* v. *Maryland*, 18 How. 71, 74, 75; *City of New York* v. *Independent Steam-Boat Co.*, 22 Fed. 801, 802.

*Judgment affirmed.*