## NORTH RIVER COAL & WHARF CO. v. McWILLIAMS BROS., Inc.

District Court, S. D. New York. August 2, 1928.

Kobre, Thatcher, Frederick & Hoar, Albert H. Ely, Jr., and Karl T. Frederick, for Maclay and another.

Bingham, Englar & Jones and Wm. H. Wooley, for First Nat. Bank of Jersey City.

Hornblower, Miller & Garrison and Fred T. Bastien, for New York Trust Co.

THACHER, District Judge. On motion of receivers in equity to determine the rights of the respective parties to the proceeds of a floating dry dock, with its appurtenances. The dry dock was sold under a stipulation by which the proceeds were to be held by the receivers in special account in place and stead of said dry dock, subject to the summary determination by this court of the rights and interests of the parties therein.

The New York Trust Company claims the fund as trustee under a certain mortgage indenture covering the dry dock and its appurtenances. The First National Bank of Jersey City claims the fund under a junior mortgage. The receivers, in behalf of the general creditors, claim the fund, disputing the validity of the mortgages as against creditors.

The question of validity depends upon whether these mortgages, which cover not only the dry dock but vessels of the United States and were recorded in the custom house of the port of New York, as required by section 4192 of the United States Revised Statutes (46 USCA § 921, note), were also required to be recorded under the Chattel Mortgage Law of the state (section 230 of the New York Lien Law [Consol. Laws, c. 33]), in order to be valid with respect to the dry dock property as against creditors of the mortgagor. The Federal Recording Act (R. S. § 4192) is in terms limited in its application to vessels of the United States. The floating dry dock here in question is not a vessel of the United States, because it was neither enrolled nor licensed. The Lincoln Land (D. C.) 295 F. 358, 1924 A. M. C. 194. It was therefore not within the field pre-empted by federal legislation, and the power of the state to require any mortgage upon it to be recorded cannot be doubted. Stewart & Co. v. Rivara, 274 U. S. 614, 47 S. Ct. 718, 71 L. Ed. 1239. That the Chattel Mortgage Act of the state requires recording of mortgages upon vessels which are not enrolled or registered was held in Best v. Staple, 61 N. Y. 71, 76, and in Rivara v. Stewart Co., 241 N. Y. 259, 149 N. E. 851, the Court of Appeals said of that decision: "The ruling then made has been unquestioned ever since." The decision in White's Bank v. Smith, 7 Wall. (74 U. S.) 646, 19 L. Ed. 211, is pertinent only in that it emphasizes the fact that the Federal Recording Act is limited in its application to vessels of the United States, from which it must follow that other property remains subject to state law.

It is conceded that there was no compliance with the provisions of the New York Lien Law requiring the filing and recording of chattel mortgages. Consequently these unfiled chattel mortgages are void as against the receivers, in so far as the dry dock property is concerned. American & British Securities Co. v. American & British Mfg. Corp'n (D. C.) 275 F. 121; Cornelius v. C. C. Pictures, Inc., 297 F. 444 (C. C. A. 2d). It follows that the receivers are entitled to hold the fund as a general asset of the estate, and the motion is accordingly granted.