## LINDH et ux. v. BOOTH FISHERIES CO.
### No. 20667.

District Court, W. D. Washington, N. D.
Oct. 29, 1932.

As Amended Feb. 4, 1933.

George Olson, of Seattle, Wash., for plaintiffs.

Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for defendant.

CUSHMAN, District Judge (after stating the facts as above).

"Slip," as used in the complaint, it is plain does not refer to the space between docks and wharfs for vessels to lie, but rather to an inclined or sloping surface between and below the horizontal portions of the floor of the dock over which inclined surface cargo may be conveniently moved at different stages of the tide. It follows therefore that the injury suffered by the plaintiff is not within the admiralty jurisdiction nor the Merchant Marine Act of 1920 (Jones Act) § 33, 41 Stat. 1007 (46 USCA § 688), as the dock, including the "slip," would be a "land structure." Hughes v. Alaska S. S. Co. (D. C.) 287 F. 427; Todahl v. Sudden & Christenson (C. C. A.) 5 F.(2d) 462; The Montezuma (D. C.) 15 F.(2d) 580; Soper v. Hammond Lumber Co. (D. C.) 4 F.(2d) 872.

The question under the demurrer is whether, in view of the Workmen's Compensation Law of the State of Washington, plaintiffs can recover.

The Workmen's Compensation Law of the State of Washington, originally enacted in 1911, as it existed in 1922, may be found in Remington's Compiled Statutes of Washington, §§ 7673 to 7796, inclusive.

On account of the conclusion reached, but one question will be discussed; that is, whether defendant is brought within the terms of the second proviso of section 7675, Remington's Compiled Statutes of Washington, as amended by the Laws of 1929, chapter 132, § 1, pages 325–326, 327, which section, as amended, insofar as material, is as follows: " * * * Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment: Provided, however, That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case: Provided, however, That no action may be brought against any *employer* or any workman under this act as a third person if at the time of the accident such *employer* or such workman was in the course of any extra-hazardous employment under this act. Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion. Any compromise by the workman of any such suit, which would leave a deficien-

cy to be made good out of the accident fund, may be made only with the written approval of the department. ' : . " (Italics the court's.)

It will be noted that under the second proviso the injured workman has no right of action even though injured by the wrong of a third person providing such third person is an employer who at the time of the accident is in the course of an extrahazardous employment under the act.

 Under section 7676, Remington's Compiled Statutes of Washington, Supplement 1927, class 42—1, wharf operations are included as extrahazardous. However, the second proviso of section 7675, as amended, does not apply unless the wharf operator or owner is an employer. If he was not an employer within the act, he would not be contributing to the accident fund for injured employees. There is no allegation in the complaint that the defendant is an employer, although its wharf operations may be extrahazardous.

The ruling called for being upon a demurrer, the court is not warranted in assuming that the defendant was an employer within the act unless the allegations of the amended complaint show such fact with certainty and precision.

The demurrer will be overruled.

The clerk is directed to notify the attorneys for the parties of this ruling.