## KULCZYK v. ROCKPORT S. S. CO.
### No. 910.

District Court, E. D. Michigan, N. D.
Oct. 16, 1934.

Bresnahan & Groefsema, of Detroit, Mich., for plaintiff.

Warren, Hill, Hamblen, Essery & Lewis, of Detroit, Mich., for defendant.

TUTTLE, District Judge.

This action at law, in which the jurisdiction of this court is properly invoked on the ground of diversity of citizenship, was brought by Stanley Kulczyk, a seaman, to recover from the Rockport Steamship Company, a nonresident corporation, damages for injuries alleged by the plaintiff to have been caused him by the negligence of the defendant, in the course of his employment by the defendant as a member of the crew of the steamship John A. Kling, while he was standing on a dock on the Maumee river, in Toledo, Ohio, engaged in shifting certain cables in an effort to fasten said steamship to said dock so that it might be loaded there. The cause is now before the court on a motion by the defendant to strike from the declaration such allegations thereof as base liability of the defendant to the plaintiff upon the Ohio Employers' Liability Act (section 6242 et seq. of the General Code of Ohio), known as the Norris Act. As stated in one of the briefs of the defendant, "the broad question to be determined is whether the rights and liabilities of the employer and employee are governed by the principles of maritime law or by the so-called 'Norris Act' of Ohio." If the rights and liabilities of the plaintiff and of the defendant involved herein are governed by the maritime law, the motion should be granted; otherwise, it should be denied.

After careful consideration of the able briefs of counsel, I reach the conclusion that this motion must be denied. It is, in my opinion, now clearly settled that when a seaman claims to have been injured by the tort of his employer, even though he was engaged in the performance of a maritime contract when so injured, the question whether liability for such tort is to be determined according to the rules of the maritime law or according to the rules of the local law depends upon the question whether such injury was received on navigable water or on land. State Industrial Commission v. Nordenholt Corporation, 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013; Swayne & Hoyt, Inc., v. Barsch, 226 F. 581 (C. C. A. 9); Netherlands-American Steam Navigation Company v. Gallagher, 282 F. 171 (C. C. A. 2); Soper v. Hammond Lumber Company (D. C.) 4 F.(2d) 872; Todahl v. Sudden & Christenson, 5 F.(2d) 462 (C. C. A. 9);

The Montezuma, 19 F.(2d) 355 (C. C. A. 2). The applicable rule was stated by the United States Supreme Court in State Industrial Commission v. Nordenholt Corporation, supra, 259 U. S. at page 272, 42 S. Ct. 473, 474, 66 L. Ed. 933, 25 A. L. R. 1013, as follows:

"When an employee working on board a vessel in navigable waters sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land."

Applying this rule to the present case, as the alleged injuries complained of were sustained by the plaintiff while he was standing upon a dock on land and not upon a vessel, or elsewhere on any navigable water, it is manifest that the alleged tort in question was a nonmaritime tort, and therefore not subject to the jurisdiction of admiralty nor subject to the rules of the maritime law. It follows, from elementary principles of law, that the rights and liabilities of the parties herein are governed by the applicable law of Ohio, including the statute already mentioned.

Nor am I able to agree with the contention of the defendant that, as the plaintiff and the defendant were engaged in interstate commerce at the time in question, the Ohio statute here invoked was an unconstitutional attempt by that state to regulate interstate commerce and that therefore this statute is invalid and must be ignored. Assuming that the acts of the plaintiff, in connection with which his alleged injuries arose, constituted, or necessarily affected, interstate commerce, and that therefore the regulation of such acts was within the power of Congress, it does not appear that such power has been actually exercised by Congress in the enactment of any legislation with which this Ohio statute is inconsistent; and until, by occupying this field, Congress withdraws it from the reserved powers of the states, each state is free, under its police power, to reasonably regulate, as the statute here in question does, the relations between employ-

ers and their employees to the extent prescribed by this statute, even while they are engaged in interstate commerce. Missouri Pacific Railway Co. v. Castle, 224 U. S. 541, 32 S. Ct. 606, 56 L. Ed. 875; Chicago, Indianapolis & Louisville Railway Co. v. Hackett, 228 U. S. 559, 33 S. Ct. 581, 57 L. Ed. 966; James Stewart & Co. v. Rivara, 274 U. S. 614, 47 S. Ct. 718, 71 L. Ed. 1234.

For the reasons stated, the contentions of the defendant must be overruled and the motion to dismiss must be denied. An order to that effect may be entered.