330

District Court, W. D. New York.
Dec. 18, 1936.

Harold Guttman, of Buffalo, N. Y., for plaintiff.

Sanders, Hamilton, Dudley & Connelly, of Buffalo, N. Y. (William M. Connelly, of Buffalo, N. Y., of counsel), for defendant.

RIPPEY, District Judge.

At the close of the testimony, defendant moved for a direction of verdict for the defendant as to the first cause of action, based on negligence, and decision was reserved. The jury brought in a verdict of no cause of action as to that part of the complaint. It is possible that this motion also went to the question as to whether a cause of action for maintenance and cure was established against the defendant. Whether it involved only the first cause of action or both causes of action, I now deny the motion for direction.

The jury found a verdict of $2,500 on the second cause of action, and the defendant moved to set aside the verdict on all grounds mentioned in section 549 of the Civil Practice Act of the State of New York except on the ground that the verdict was inadequate.

Plaintiff testified that he was treated by doctors representing the defendant for two weeks after his injury, commencing July 10, 1936, his hand being swollen and sore so that he could not bend his fingers and his wrist, and the doctor sent him to the Marine Hospital, where his hand was X-rayed and treatment was given. He continued as an out-patient for a period of two weeks, the condition of his hand remaining about the same, and he was then taken into the hospital as a bed patient for additional treatment. His hand was wrapped in a large absorbent bandage and was kept saturated and he received heat treatment once a day. He remained at the hospital until August 3d, when he was transferred to out-patient treatment on account of disciplinary reasons, although he denied that that was the reason he was transferred. At any rate, he testified, and the record shows, that he never was discharged. The hospital record indicates that he did not appear after August 14th and that they gave him out-patient treatment up to that date, whereupon plaintiff went to his home in Duluth, arriving there about August 20th. He stated the reason for leaving the Marine Hospital as an out-patient was that he had no money, could not work, and had no convenient way of getting any money, so he went home, where he took treatments from his own doctor for about a month. He testified that

his expense for maintenance and cure while in Buffalo was between twelve and fourteen dollars a week for board and room and incidental expense for a period of four weeks, and ten dollars a week at Duluth, and his medical expenses there had been forty-five or fifty dollars. He and his physician testified in substance that the condition of his hand had not improved materially and that there was substantially a 35 per cent. loss of use. It was sharply contested on the trial whether or not plaintiff received the injury to his hand during the voyage and in the course of his employment. That was submitted to the jury as a question of fact on disputed testimony, and their verdict must be deemed conclusive in plaintiff's favor. The court charged the jury that if they found for plaintiff on that issue, plaintiff was entitled to maintenance and cure during the voyage and for a reasonable time thereafter, which charge was in accord with the law. Skolar v. Lehigh Valley Railroad Co. (C.C.A.) 60 F.(2d) 893.

■■ The defendant claims that the circumstances surrounding plaintiff's leaving the hospital amounted to a refusal of hospitalization tendered by the defendant. The court submitted that question to the jury as one of fact on all the evidence in the case, and charged that if he did refuse hospitalization which was tendered he could not recover. The jury found, upon the facts, that he did not voluntarily refuse hospitalization, within the legal meaning of that term, for the reason that he was compelled to go to his home in Duluth to be cared for, as he was without funds. Nevertheless, there is no evidence in the case that he requested any maintenance or care other than such as he received, and if the case stood in that shape it would necessarily require that the verdict be set aside. At the close of the case, however, counsel for the defendant stated: "It is a question of amount, on the second" (referring to the second cause of action). "Oh, I won't question maintenance and cure, if they show maintenance and cure I withdraw it as to maintenance and cure" (referring to motion to dismiss and for direction). I think this was tantamount to a consent to leave the questions arising on the second cause of action to the jury. I am of the opinion that the verdict is excessive, although I cannot say that it was due to any passion, prejudice, or improper conduct. The finding of the jury is tantamount to saying that plaintiff is entitled to between two and three years for maintenance and cure, and it seems to me that is an entirely unreasonable time, under the facts in this case, within the meaning of the law. The testimony of his doctor is, at least since his examination during the present month, that he can state with reasonable certainty that the injury is permanent. If so, it cannot be benefited by further treatment. There was no injury to the bony structure of the hand, according to the testimony. The case of The Bouker No. 2 (C.C.A.) 241 F. 831, indicates the rule that should be applied on the question of damages. I think that, after consideration of the whole record and the testimony, $1,500 is a liberal amount to allow for maintenance and cure in this case.

The motion for a new trial is granted, on the second cause of action only, on the ground that the verdict is excessive, unless within ten days after the date of this decision the plaintiff files a stipulation to reduce the verdict to $1,500. Upon the filing of such a stipulation, an order may be entered denying the motion for a new trial.

It is so ordered.