### O'BRIEN v. CALMAR S. S. CORPORATION.

#### No. 6979.

Circuit Court of Appeals, Third Circuit.

May 16, 1939.

149

Abraham E. Freedman, of Philadelphia, Pa., for appellant.

Lewis, Wolff, Gourlay & Hemphill, of Philadelphia, Pa., and Duncan & Mount, of New York City (Frank A. Bull, of New York City, and Frederick W. Gourlay, of Philadelphia, Pa., of counsel), for appellee.

Before MARIS, BIDDLE, and BUFFINGTON, Circuit Judges.

BIDDLE, Circuit Judge.

The plaintiff, a seaman, was injured on a pier while adjusting a gang plank to connect with the defendant's vessel lying at the pier. He brought suit under Section 33 of the Merchant Marine Act of 1920 (the Jones Act), 46 U.S.C.A. § 688. The trial judge dismissed the action, entered judgment for the defendant, and refused a new trial, on the ground that no negligence was shown.

The Jones Act provides that a seaman may recover for personal injuries suffered "in the course of his employment * * * with the right of trial by jury." The act has been construed not to extend beyond admiralty jurisdiction, and not to apply to injuries on land. Hughes v. Alaska S. S. Co., D.C., 287 F. 427; Esteves v. Lykes Bros. S. S. Co., 5 Cir., 74 F.2d 364, certiorari denied 295 U.S. 751, 55 S.Ct. 830, 79 L.Ed. 1695; Todahl v. Sudden & Christenson, 9 Cir., 5 F.2d 462. The trial court was without jurisdiction to entertain the suit. The Workmen's Compensation Law of Pennsylvania, 77 P.S.Pa. § 1 et seq., presumably applied. Lawton v. Diamond Coal & Coke Co., 272 Pa. 74, 115 A. 886; State Industrial Commission v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013.

Plaintiff slipped on a piece of iron pipe which was lying in the gravel on the pier. There was no evidence of how long the pipe had been there, nor that the boatswain, who was directing plaintiff's movement from the vessel, saw it. Judge Dickinson was right in holding that plaintiff had failed to establish any negligence. Bailey v. Texas Co., 2 Cir., 47 F.2d 153, where recovery was allowed, is distinguishable because the defendant there failed to keep the passageway to and from the ship reasonably safe for the plaintiff, an invitee.

Judgment affirmed.