## SERBOKOV v. GREAT LAKES TRANSIT CORPORATION.

### Civ. No. 544.

District Court, W. D. New York.

Feb. 27, 1941.

S. Eldridge Sampliner, of Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, of Cleveland, Ohio, for defendant.

KNIGHT, District Judge.

The defendant moves to dismiss the case on the ground that the court is without jurisdiction.

Great Lakes Transit Corporation is a New York corporation with its principal place of business at Buffalo, New York. Plaintiff was in the employ of the defendant and under articles as an able-bodied seaman. He was a member of the crew of the vessel "Duluth", owned by the defendant. On October 27, 1936, plaintiff was handling upon the dock the after cable of the after winch as the boat was being shifted from one dock to another. It is claimed that defendant was negligent in that it had failed to place a "beckett" thereon and that the plaintiff's hand was injured by the ragged and torn wires of the cable. Defendant employed more than three employees and was not covered by insurance of the Workmen's Compensation Law of the State of New York, Consol.Laws, c. 67.

The first cause of action set forth in the complaint purports to allege a cause of action under the Jones Act, 46 U.S.C.A. § 688. Included in and as a part of the first cause of action set up in the complaint is a law action based upon the failure of the defendant to obtain insurance required by the Workmen's Compensation Law of the State of New York.

The complaint also contains an alleged cause of action for maintenance and cure. The plaintiff demands judgment for $2,000 under the first alleged cause of action and $200 under the second.

As to the first cause of action the complaint neither states a cause of action under the Jones Act (Hughes v. Alaska S. S. Co., D.C., 287 F. 427; Esteves v. Lykes Bros. S. S. Co., 5 Cir., 74 F.2d 364; Soper v. Hammond Lumber Co., D.C., 4 F.2d 872; O'Brien v. Calmar S. S. Corp., 3 Cir., 104 F.2d 148; and cases cited) nor a law action based on the Workmen's Com-

412

pensation Law of the State of New York. Neither diversity of citizenship nor the required amount of $3,000 is shown.

 The second cause of action sets forth a cause within the jurisdiction of this court. Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220; Stevens v. R. O'Brien & Co., 1 Cir., 62 F.2d 632; Sickner v. Great Lakes Transit Corp., D.C., 17 F.Supp. 330.

An order may be entered dismissing the first cause of action.