**O'DONNELL v. GREAT LAKES DREDGE & DOCK CO.**

No. 7929.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1942.

Walter F. Dodd and Earl J. Walker, both of Chicago, Ill., for appellant.

B. S. Quigley and Ezra L. D'Isa, both of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and CAMPBELL, District Judge.

KERNER, Circuit Judge.

Appellant was employed as a deckhand upon the steamship Michigan owned and operated by the defendant. He sued for damages for injuries occasioned by the negligence of the defendant and in admiralty for maintenance during his disability. The District Court dismissed the suit as to the negligence count and entered a judgment upon the admiralty count in favor of the libelant for $275. To reverse the judgment, appellant appeals.

The defendant was engaged in transporting sand from Indiana to Illinois over the navigable waters of Lake Michigan. The sand was unloaded from the hatches of the vessel through a conduit swung over the side and permanently attached to the vessel, the outer end being connected to land pipes by means of a gasket. On August 8, 1940, after the gasket became detached, appellant was ordered by the master of the vessel to assist on shore in its repair, and while so engaged, a counter-weight fell upon his leg and pinned it to the floor.

The errors complained of are in the dismissal of the first count and in making an insufficient award for maintenance.

Section 33 of the Merchant Marine Act of 1920, 46 U.S.C.A. § 688, generally known as the Jones Act, provides that any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and that in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply.

Appellant earnestly contends that the Jones Act applies the Employers' Liability Act[1] to all injuries incurred by a seaman "in the course of his employment" either on navigable waters or on land, if any part of his duties are in "furtherance of interstate commerce" or "directly or closely and substantially affect such commerce" or if the injury is within the admiralty jurisdiction.

It is interesting to note that the appellant concedes that there are decisions to the effect that admiralty jurisdiction applies only to navigable waters. These, however, he criticizes as unsound, and he argues that the term "seaman," as used

---

[1] 45 U.S.C.A. §§ 51–59.

in the Jones Act, ought not to be construed to apply to those performing duties only on the vessel. Rather, it should be construed to apply to any seaman who suffers a personal injury in the course of his employment, irrespective of the place of injury.

The criticism heaped upon the decisions is, that if the seaman engaged in duty on a vessel is entitled to recover under the Jones Act, but is denied recovery if, under orders of the master of the vessel, he performs similar duties on shore and is injured, there is read into the statute language that is not there. Unfortunately, we are not free to agree with this contention.

Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, did not involve the Jones Act, but it arose under the provisions of the Longshoremen's and Harbor Workers' Compensation Act,[2] and in discussing the authority of Congress concerning the grant of power in cases of admiralty and maritime jurisdiction, Mr. Chief Justice Hughes said (285 U.S. page 55, 52 S.Ct. page 294, 76 L.Ed. 598): "In amending and revising the maritime law, the Congress cannot reach beyond the constitutional limits which are inherent in the admiralty and maritime jurisdiction. Unless the injuries to which the Act relates occur upon the navigable waters of the United States, they fall outside that jurisdiction." (285 U.S. page 56, 52 S.Ct. page 294, 76 L.Ed. 598): " * * * if the injury did not occur upon the navigable waters of the United States, there is no ground for an assertion that the person against whom the proceeding was directed could constitutionally be subjected, in the absence of fault upon his part, to the liability which the statute creates."

In Panama R. R. Co. v. Johnson, 264 U.S. 375, page 388, 44 S.Ct. 391, 394, 68 L.Ed. 748, the court, in discussing the Jones Act, said: "Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seaman to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law

as modified, and not between that law and some nonmaritime system."

In Soper v. Hammond Lumber Company, D.C., 4 F.2d 872, the plaintiff was employed as a seaman on a ship engaged in interstate commerce, and was injured while on shore unloading the vessel. There, as here, he contended he was entitled to proceed in admiralty under the provisions of the Employers' Liability Act. The court held to the contrary. In O'Brien v. Calmar, etc., Corp., 3 Cir., 104 F.2d 148, the seaman was injured on a pier while adjusting a gang plank to connect with the defendant's vessel lying at the pier. The court held that the Act has been construed not to extend beyond admiralty jurisdiction, and not to apply to injuries on land. See also Todahl v. Sudden & Christenson, 9 Cir., 5 F.2d 462; Esteves v. Lykes Bros., etc., Co., 5 Cir., 74 F.2d 364; and Jeffers v. Foundation Co., 2 Cir., 85 F.2d 24. These cases impel us to the conclusion that the decision of the District Court dismissing the first count of the complaint was correct.

This brings us to the contention that the court made an inadequate award.

The record discloses that immediately after the injury, the injured seaman was removed to a hospital and there treated until August 27, 1940, when he was discharged at his own request and taken to his home. The court found as a fact that the appellant had been engaged in seasonal work under a contract for wages at $95 per month and his board and lodging valued at $1.40 per day and that the season began in March and ended in November, and concluded that the appellant was not entitled to maintenance, but awarded to appellant a sum equal to the amount he would have earned under the unexpired term of his contract at the rate of $95 per month. The argument is that appellant should recover, in addition to his wages, his maintenance at the rate of $1.40 per day.

Unquestionably, the owner of a vessel is liable to a seaman injured in the service of his ship, for wages and keep during the employment, Calmar, etc., v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L. Ed. 993; Smith v. Lykes, etc., Co., 5 Cir., 105 F.2d 604, comparable to that to which the seaman is entitled while at sea, The

---

[2] Act of March 4, 1927, 33 U.S.C.A. §§ 901–950.

Henry B. Fiske, D.C., 141 F. 188; The Mars, D.C., 145 F. 446; Id., 3 Cir., 149 F. 729, and his right to maintenance may extend beyond the term of service, Calmar case, supra, 303 U.S. page 529, 58 S.Ct. 651, 82 L.Ed. 993.

█ Under the circumstances here appearing, we are of the opinion that appellant was entitled to recover his wages at the rate of $95 per month, including his maintenance at the rate of $1.40 per day. Accordingly, the judgment is reversed, and the cause is remanded to the District Court with directions to enter a judgment for appellant for such sum as may be proved to be due upon the principles here determined.